Miles v. Jones.

————◦●◦————

MILES, Plaintiff in Error, v. JONES, Defendant in Error.

1. A judgment procured by fraud should be set aside at the instance of the party against whom it was rendered.
2. It is not necessary in pleading to allege that a guaranty relied on is in writing.

*Error to Ray Circuit Court.*

Demurrer to a petition. The petition alleges substantially that in the year 1855 the defendant Jones became indebted to plaintiff in the sum of $41.47 for money paid by plaintiff to Messrs. Gratz & Shelby for said Jones on a guaranty; that suit was instituted against said Jones before a justice of the peace to recover the amount so paid; that said cause was at various times continued at the instance of said Jones and was transferred to another justice; that on the 12th of July, 1856, the law day of the justice before whom the cause was pending, the justice being unwell, in consequence of such illness announced to the suitors and witnesses then present his determination not to hear or try any of the causes then pending before him, but to continue the same until the next succeeding law day, and thereupon gave parties, witnesses and the attending constable to understand that they need no longer remain; that defendant Jones was present

when this announcement was made; that plaintiff, when on his way to the office of said justice, met several persons who had gone to the office of said justice as witnesses in causes pending before him and were leaving in consequence of the justice's announcement of his determination not to try any of said causes; that believing his said cause had been continued he did not go in person before said justice; that defendant Jones, after plaintiff and the other parties and witnesses had dispersed and late in the afternoon of said 12th of July, 1856, returned to the office of said justice, and, with intention to cheat and defraud plaintiff, prevailed upon the justice to hear said cause at that time and in plaintiff's absence, and thereupon filed for the first time an account by way of set-off amounting to $131.47; that the justice yielded to the importunities of said Jones and took up said cause for hearing, and without any testimony in support of defendant's account allowed the same, and, after deducting plaintiff's demand, rendered judgment against plaintiff for the balance of defendant's account—ninety dollars and costs; that the justice afterwards issued execution and delivered the same to the constable; that the plaintiff acquired no knowledge of the existence of said judgment or of the issuing of said execution until about the last of August, 1856, too late to take effective measures to stay the collection thereof; that defendant still owes plaintiff said sum of forty-one dollars and forty-seven cents so paid by plaintiff on the guaranty; that the account filed by defendant was a trumped up demand without foundation in fact; that defendant has since the rendition of said judgment and the collection thereof made his boasts that he had overreached plaintiff; that, so far from his (defendant) having had any demand against plaintiff, plaintiff did not owe him any thing; that defendant procured said judgment by fraud. The plaintiff prays the court to set aside and annul said judgment, and give judgment in favor of plaintiff for said sums of $41.47 and $103, with interest, &c.

The court sustained a demurrer to this petition.

*Troxell*, for plaintiff in error.

I. The judgment was obtained by fraud and was void, or at least voidable. The plaintiff not being present, the justice had authority only to continue or dismiss the cause. Plaintiff had sufficient reason for not appearing on the day the judgment was rendered. There was no need of averring that the guaranty was in writing. The demurrer was improperly sustained.

RICHARDSON, Judge, delivered the opinion of the court.

It is sufficiently averred that the judgment before the justice was procured by fraud, which vitiated it, and that the defendant, after he had pocketed the ill-gotten fruits of his fraud, gloried in his shame. The payment of the judgment under the circumstances stated in the petition was not voluntary, and a satisfactory reason is given why an appeal was not asked or taken in time.

The statute of frauds has not changed the common law mode of declaring, and it was not necessary to have stated that the guaranty was in writing. (2 Saund. Pl. & Ev. 126.) The right however of the plaintiff to recover back the money received by the defendant on the execution did not depend on the question whether he could have recovered on his original demand before the justice; for, admitting that the plaintiff could not have maintained his action, that fact gave the defendant no right to a fraudulent judgment on his set-off.

If the averments in the petition are sustained by the proof on the trial, and it is shown that the plaintiff properly made the payment on the guaranty of a debt due by the defendant, he will be entitled to recover the sum so paid; and the defendant should also be compelled to restore the amount received on his execution.

The demurrer was improperly sustained and the judgment will be reversed and the cause remanded; Judge Scott concurring. Judge Napton absent.