WILLIAM R. HARRIS AND MATHEW MOORE, Plaintiffs in Error, *v.* AUGUSTUS O. SANDERS, EXEC'R OF R. P. TERRELL, DEC'D, Defendant in Error.

*Equity—Judgment—Fraud.*—A court of equity has jurisdiction in a direct proceeding between the parties to the record to set aside and vacate a judgment obtained by collusion and fraud. A bill in equity to set aside and vacate a judgment alleging that the judgment had been obtained by collusion between the plaintiffs in the original suit and some of the defendants, by in-

ducing other of the defendants to withdraw an answer jointly filed by all without the consent, knowledge and privity of their co-defendants, who had a good defence upon the merits, presents a proper case for relief in equity. Courts of record are vested with a large discretion in allowing parties to withdraw pleadings, and to dismiss their actions as to one or more of the opposite parties ; but this discretion ought not to be exercised so as to produce injustice.

### Error to Montgomery Circuit Court.

*H. C. Hayden,* for plaintiffs in error.

It is the peculiar province and jurisdiction of every tribunal to see that justice be done to parties litigant in its court. If from mistake, or misapprehension of facts, or fraud and entry is made upon its records which does injustice to the suitor, which pretends to detail a state of facts which is untrue,—when these facts are brought before this court, the entry can and ought to be corrected.—Warren v. Dalton et al., 16 Mo. 102, 114 ; *Ex parte* Tony, 11 Mo. 661–3 ; 1 Bac. Abr. (Bouv. ed.) tit. Audita Querula, 510; 10 Mo. 381–3.

*Sharp* and *McKee,* for defendant in error.

The rendition of the interlocutory and final judgments in the original suit against plaintiffs and others, defendants at the same term of the court, was correct—Adj. Sess. Acts of 1863, p. 24. The record filed by plaintiffs shows that the answer of the defendants in the said original suit was withdrawn by their attorney, and this act of the attorney was within the scope of his authority—N. Mo. R.R. Co. v. Stephens, 36 Mo. 150; Davidson v. Rozier, 23 Mo. 387.

A party defendant by attorney could appear in court for the purpose of withdrawing his answer, and not remain for any other purpose ; and this being the case, the judgment of the court below shows no irregularity or contradiction on its face. The demurrer insists that if the defendants in the original suit felt themselves aggrieved by the judgment of the court overruling their motion for a new trial, they had their remedy by appeal ; and that if they failed to prosecute their appeal, the remedy was lost.

The petition and record of plaintiffs show that plaintiffs' remedy, if they had any, was full and complete at law, and only to be retained by prosecuting an appeal; and as they failed to prosecute their appeal, they are without remedy.

There was no exception or appeal made or taken to the judgment of the court in overruling the original motion to set aside the judgment. There was no exception made to the judgment of the court below in sustaining the demurrer in the present suit—Collins v. Compton, 31 Mo. 529; Davis v. Colt, 31 Mo. 530.

WAGNER, Judge, delivered the opinion of the court.

At the May term, 1862, of the Montgomery Circuit Court the defendant in error, as executor of Robert P. Terrell, deceased, brought suit against William R. Harris and Mathew Moore, the plaintiffs in error, together with several other persons who were joined as co-defendants. The object of the suit was to recover judgment against the defendants as assignors of two promissory notes alleged to have been assigned to defendant in error's testator on the ground that the makers of the notes were insolvent. The defendants in the action appeared and filed a joint answer, denying every material allegation in the petition, and devolving the burden of proving the same on the plaintiff. The suit was continued for several terms, until the May term, 1864, when all the defendants except Harris and Moore (the plaintiffs in error here) appeared in court and withdrew the joint answer which had previously been filed. The plaintiff in the action then dismissed the cause as to all the co-defendants, and the court gave judgment against Harris and Moore by default, which was proceeded on at the same term to final judgment. In March, 1865, the plaintiffs in error filed their petition to have their judgment set aside and vacated, alleging that the withdrawal of the answer, which contained a just and meritorious cause of defence was unauthorized, and that the answer was withdrawn and the suit dismissed as to their co-defendants, and judgment rendered against them, by collusion

between Sanders, the plaintiff in the action, and their co-defendants. They further alleged that Sanders and the other co-defendants combined, colluded and confederated together with the design and purpose of defrauding the plaintiffs in error, and that they undertoook unauthorizedly to withdraw the answer jointly filed by all the defendants, including the plaintiffs in error, and without their knowledge, privity or consent, and against their wishes. A demurrer to the petition was sustained, and the cause is brought here by writ of error.

This is a direct proceeding between the parties to the record to set aside and vacate the judgment; and if it was fraudulently or collusively obtained, it ought not to stand.

The Circuit Courts are unquestionably vested with a large discretion in allowing parties to withdraw pleadings, and to dismiss their actions as to one or more of the opposite party; but this discretion ought not to be exercised so as to produce injustice—Keithley v. May, 29 Mo. 220.

Where a suit was brought before a justice of the peace, and on the trial day the justice notified the parties litigant that, in consequence of indisposition, he would be unable to proceed with the business of his court, and that all causes pending before him would be continued till his next law day, the plaintiff in the suit with this understanding left for his home. After the departure of the plaintiff, the defendant manufactured a false and fraudulent set-off greatly in excess of the plaintiff's demand and filed it with the justice, and then prevailed on the justice to proceed with the trial, and had judgment rendered in his favor. The plaintiff had no notice of the rendition of the judgment till about six weeks afterwards, too late to take an appeal. On a bill filed to annul the judgment and give judgment for plaintiff, this court decided that he was entitled to the relief prayed for—Miles v. Jones, 28 Mo. 87.

A judgment collusively or fraudulently procured should be set aside at the instance of the party against whom it was rendered—Miles v. Jones, 28 Mo. 87; People v. Mayor, &c.,

19 How. Pr. 289; Cleveland v. Porter, 10 Abbott's Pr. 407 ; Corwithe v. Griffing, 21 Barb. 9 ; Lowber v. Mayor, &c., 26 Barb. 262.

The allegations in the petition are sufficient to entitle the party to a hearing in court. If, as alleged, the plaintiff in the action combined and confederated with the other defendants, and had the judgment rendered by collusion and fraud, it would be inequitable to permit it to stand, and it should therefore be set aside, to give the plaintiffs in error an opportunity to make their defence.

In our opinion the court wrongfully sustained the demurrer, and the judgment is reversed and the cause remanded for further proceedings. The other judges concur.