Wm. J. MAYBERRY, *et al.*, Appellant, *vs.* Jos. W. McCLURG, *et al.*, Respondent.

1. *Judgment collusively obtained, set aside when.*—A judgment collusively or fraudulently procured, should be set aside at the instance of the party against whom it was rendered.

2. *Equity—County Court—Administrator.*—*Proceedings to set aside allowance of demand against estate—Parties.*—In proceedings in equity to set aside an allowance by the County Court of sundry demands against the estate of a deceased person on the ground that the same were obtained by collusion between the claimants and the administrator. 1st: It is not necessary that the latter should be joined. 2nd. The bill would not be multifarious where the matters charged were part of the same general transaction, in which all the claimants participated, and in the results of which all were interested.

3. *County Courts.*—*Jurisdiction of, in trespasses of deceased.*—County Courts have jurisdiction of demands against the estate of deceased persons, based on alleged trespasses by the deceased. (See Act concerning the judicial power of Courts, R. C., 1855, p. 534-5, § 15; see also W. S., p. 440-7.)

*Appeal from Hickory Circuit Court.*

*F. P. Wright,* for Appellant.

The demands which can be legally presented for allowance, under the statutory notice to the adminstrator, arise on contract alone, either express or implied, or upon a judgment obtained for the same. And for trespasses to property the damage must be first ascertained.

The reading of the statute implies this construction :—

1st. Any person may exhibit his demand against the estate, by serving on the executor or administrator a notice in writing stating the amount and nature of the claim, with a copy of the instrument of writing or account on which the claim is founded. An account, as expressed in the statute, implies a dealing between parties. There can be no account unless there is a liability under an express or implied contract. It implies that one is responsible to another for monies or other things, either on the score of contract or some fiduciaryrelation of a public or private nature, created by law or otherwise. (1 Metc., 217; 1 Bouv. Law, Dic., p. 53.) The idea that one can charge another in an account, for libel, slander, trespass, and the like, finds no sanction in the law.

2d. No demand can be allowed against an estate unless the claimant first makes oath and files his affidavit, " that he has given credit to the estate for all payments and offsets." There can be no set-off in trespass. (Johnson vs. Jones, 16 Mo., 494; Moore vs. Otis, 18 Mo., 121 ; Ib. 158 ; 19 Mo., 125.

The statute makes ample provisions for establishing de mands against wrong doers, by first obtaining a judgment and exhibiting such judgment for allowance. (W. S. 102, § 8; R. C. 1855, 155, § 8.) The case of Moore, Exr., vs. Brown, Adm'r of Grey, 14 Mo., 165, so much relied on, has no application to this case.

In that case the decedent, by converting the slave, had made it a money demand, and could be well charged with the value of the slave.

*McAffee, Phelps and Young,* for Respondents.

I. The petition is clearly bad. It shows upon its face a defect of parties defendant. It is alleged in the petition that Wilson, the administrator of the estate of Mayberry, deceased, assisted Deft. McClurg in procuring the alleged fraudulent allowance order of sale, and sale of the real estate. He is therefore a necessary party defendant.

II. The pleadings do not connect the defendants Johnson and Torbech with the alleged fraud, nor in any way implicate them, or show that they have any interest whatever in the real estate alleged to have been fraudulently sold, and bought in by Defendant McClurg. Hence they are improperly joined as parties defendant.

III. The County Court of Hickory County at the date of said allowance, had Probate Jurisdiction, and as such had jurisdiction of the demand presented by plaintiff for allowance, against the estate of John Mayberry, deceased. (R. C., 1855, Art. 2, § 26; *Id.* Art. 4, § 9.)

17—MO. LI.

Ewing, Judge, delivered the opinion of the Court.

This is a proceeding in equity to set aside an order of allowance, made by the County Court of Hickory County, in 1870, in favor of J. W. McClurg and Marshall W. Johnson, against the estate of John Mayberry, deceased, and to set aside certain orders and sale of real estate, and the deeds duly executed to McClurg under said sales. The petition charges in substance, that the said J. W. McClurg and Marshall W. Johnson combining and confederating with one, Jas. R. Wilson, the administrator of Mayberry's estate, to cheat and defraud plaintiffs, the heirs of said deceased, on or about the 11th day of February, 1865, appeared before the County Court of said County, and falsely pretending that said Mayberry in his life-time had been guilty of a trespass against the property of said defendants, presented a demand against said estate on account of such alleged trespass, for the sum of $10,925 ; and falsely pretended that the same should be allowed against said estate, when in truth, and in fact, the said defendants neither as a firm or otherwise had any demand against said estate, nor any account whatever, and that said administrator, for the fraudulent purpose of aiding said defendants in having their pretended demand fraudulently allowed, and for the purpose of aiding said McClurg to buy said land, and fraudulently to deprive plaintiff thereof, appeared and fraudulently waived notice of the same, and failed to make any defense thereto, being fraudulently persuaded by defendants so to do, well knowing that they had no legal demand against said estate, and that the same could have been successfully defended. It is further averred that said defendants procured by fraud the said pretended demand to be allowed against said estate for said sum. The petition then proceeds to allege the fraudulent procurement by said Wilson and McClurg, of sundry orders of sale by the County Court, of said real estate, to pay said allowance, and the sale of the same to said McClurg.

The cause is here on a demurrer to said petition.

1. The petition alleges a state of facts, which if proved would unquestionably entitle plaintiffs to the relief sought.

It contains a narrative of the facts of the plaintiff's case, and of the wrongs and grievances of which they complain with as much minuteness as is necessary.

A judgment collusively or fraudulently procured, should be set aside at the instance of the party against whom it was rendered. (Miles vs. Jones, 28 Mo., 87; Harris vs. Terrill's Executor, 38 Mo., 421, and authorities cited.)

2. Wilson the Administrator, is obviously not a necessary party to the suit. He is not interested in the subject of the suit, nor could the plaintiffs have any decree against him. And as he is not a party to the interest involved, he need not therefore, have been made a party to the suit. McClurg and Johnson, as the bill shows, are the only persons having any interest adverse to the plaintiff or that could be affected by the decree. It may be here observed, that there is nothing in the petition connecting the defendant Torbech, with the alleged fraudulent transaction or showing any liability on his part.

3. The petition is not liable to the objection of multifariousness. This is not a case where different matters having no connection with each other, are joined in the petition against several defendants, a part of whom have no interest in, or connection with some of the distinct matters for which the suit is brought. The cause of action affects both McClurg and Johnson. The petition shows that both were parties to the fraud and collusion in procuring the allowance of the orders for the sale of the real estate, and that McClurg purchased the property, the purchase money being credited on an allowance made in their favor.

It is obvious that these several matters were parts of the same transaction, in which both participated, and in the results of which both are interested. (Tucker vs. Tucker, 29 Mo., 350, and cases cited.)

4. Had the County Court of Hickory County jurisdiction of the demand allowed by that Court against the estate of Mayberry? This point does not arise upon the record, but as the

counsel on both sides request the opinion of the Court upon it, in view of the question coming up for decision hereafter in the Court below, we deem it not improper to give it.

County Courts have exclusive original jurisdiction to hear and determine all suits, and other proceedings instituted against executors and administrators, upon any demand against the estate of their testator or intestate, when such demand shall not exceed one hundred dollars; and concurrent jurisdiction with the Circuit Court in all such cases, when the demand shall exceed that sum, subject in all cases to an appeal to the Circuit Court, in such manner as may be provided by law. (1 R. C., 1855, § 15, p. 535.)

Section 9, Article 4, of the Act respecting executors and administrators, confers the same jurisdiction on the County Court as above, with the power to hear and determine all offsets and other defenses allowed by law, set up by the administrator or executor. (1 R. C., 1855, 153.)

We are also referred to Art. 2, section 26, of the same act as conferring the jurisdiciton claimed, which says that, " for all wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or after his death by his executor or administrator against such wrong-doer, and after his death against his executor or administrator, in the same manner and with like effect in all respects as actions founded upon contract. (1 R. C., 1855, 133.)

I am of opinion that this last provision does not confer any jurisdiction on the County Courts. Its object was to give executors and administrators the right to sue, and to subject them to liability to be sued in a class of cases in which no such right or liability existed at common law. This provision it will be observed is wholly silent as to the forum which is to hear and determine such suits. And in view of the other provisions above quoted, which define specifically the powers and jurisdictions of County Courts, and which dispose of the whole subject, this section should not be construed as having any other different import from that indicated.

I will not be understood as saying, that the County Courts have no jurisdiction in any of the cases contemplated by this section. So far as such cases are comprehended in the jurisdiction elsewhere conferred, they would of course, have the power to hear and determine them.

It remains to determine whether any other provision of law gave the County Court of Hickory County, jurisdiction of the demand under consideration, which was for an alleged trespass upon the property of the plaintiff. The language of the Act, "to hear and determine all suits and other proceedings against executors or administrators, upon demands against the estate of the testator or intestate," is almost as comprehensive as it would be possible to make it. The word " demand," says Lord Coke, is one of the most comprehensive terms in the law. (Co. Litt. 291 b.) It is defined by other writers, to be a claim, a legal obligation. In the matter of Denny and Manhatten, 2 Hill, 220, Nelson, C. J., says, " the term 'demand' is one of the most extensive import, among the most so, in-indeed, of any that are known to the law."

A release of "demands" discharges all sorts of actions, rights titles, conditions before or after breach, executions, appeals covenants. (1 Denio, 261 ; Moore, Exr. vs. Brown, 14 Mo., 165.)

I am of the opinion that the County Court had jurisdiction.

The judgment of the Circuit Court is reversed and the cause remanded.

Judges Adams and Vories concur.

Judge Wagner absent, Judge Sherwood not sitting.