Stewart, et al. v. Caldwell, et al.[1]

————o————

TENNESSEE STEWART, *et al.*, Defendants in Error, *vs.* JAS. R. CALDWELL, *et al.*, Plaintiffs in Error.

1. *Administrator—Demand allowed by collusion—Sale of lands—Bill in equity, to postpone.*—Where a claim against an estate is allowed, and land belonging thereto is about to be sold to satisfy the allowance, through fraud and collusion between the administrator and the claimant, a bill in equity by the heirs to set aside the allowance and postpone the sale is a proper remedy, notwithstanding that an action of damages would lie against the administrator on his bond. Such action would sound only in damages and would fail to reach the land. Jurisdiction by a court of equity is not ousted in such case, because a remedy exists at law.

*Error to Henry Circuit Court.*

*Ladue & Vance*, for Plaintiffs in Error.

I. The petition states a good cause of action in equity. (Harris, *et al.* vs. Terrell's Ex'r, 38 Mo., 421.)

II. A judgment collusively or fraudulently procured should be set aside at the instance of the party against whom it is procured. (Miles vs. Jones, 28 Mo., 87; 19 How. Prac., 289; 21 Barb., 9; 26 Barb., 262.)

III. The allegations of the petition are ample and sufficient to entitle the plaintiffs to a hearing in a court of equity. (Sullivan vs. Burgess, 37 Mo., 300.) The allowance being obtained by fraud, it can only be set aside in a Court of Equity, (23 Mo., 95; 15 Mo., 225; 20 Mo., 87; 14 Mo., 116.)

*Wright & Boone*, for Defendants in Error.

I. The petition is radically defective, because it shows upon its face, that plaintiffs in error had a full and adequate remedy at law. The judgment of the Probate Court, in allowing the claim complained of, and which is sought to be set

aside, was a judgment from which an appeal might have been taken. (Wagn. Stat., 119, § 1.) Hence, plaintiff cannot resort to equity for relief. (Cabanne vs. Lisa, 1 Mo., 683; Janney vs. Spedden, 38 Mo., 375.)

II. The order of the Probate Court for the sale of lands to pay debts, is a judgment at law, from which an appeal may be taken. (Frye vs. Kimball, 16 Mo., 9; Wolf, *et al.*, vs. Wohlien, *et al.*, 32 Mo., 124.)

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit, in the nature of a bill in equity, brought in the Henry County Court of Common Pleas, by the heirs at law, who were the children and grandchildren, of John R. Elliott, deceased, to set aside a certain order and judgment of allowance, made and entered in the Probate Court of said county, in favor of defendant, Jas. R. Caldwell, and against the estate of said decedent.

The petition in substance alleges that John R. Elliott, the decedent, died seized and possessed of a considerable amount of real estate, which had descended to and was held by the plaintiffs as tenants in common; that defendant, Henry Shafer, was appointed administrator of said decedent's estate, and, as such, took charge of and proceeded to administer upon the same; that the allowance in question was obtained and entered by fraud and fraudulent collusion between the said defendants, Caldwell and Shafer; that Caldwell knew that he had no demand against the estate, and that the same was not indebted to him, and the administrator, knowing this also, waived notice of, and made no defense against the claim, and concealed the allowance thereof from plaintiffs, in order to prevent them from showing to the court, that the same was fraudulent and unjust, and in consequence of such concealment, plaintiffs knew nothing of such allowance, until long after the fraudulent design was effectuated; that some time before the death of decedent, defendant, Caldwell, sold and conveyed to said deceased, certain lands in Henry County, and received, as the partial consideration therefor, certain promissory

notes and accounts, which were transferred to him without recourse, and at the risk of the transferce, which arrangement was entered in a written contract made at the time; that Caldwell, for the purpose of more effectually carrying into effect his said fraudulent purpose of obtaining the said fraudulent allowance, surreptitiously and wrongfully took possession of said instrument, which was then made by and between deceased and himself, and has secreted or else destroyed the same; that Caldwell based his fraudulent pretenses for an allowance against said estate, on the ground that he was unable to collect a portion of the notes thus transferred to him, and that said estate was therefore liable to pay him the amount of said notes remaining uncollected; that, aside from the fraudulent demand as aforesaid allowed, the estate was indebted in a very inconsiderable sum, which had either been paid or for the liquidation of which the personal assets were ample; that, notwithstanding this state of facts, the administrator, Shafer, had, though well knowing that there was no necessity for an order for the sale of the lands thus descended, procured an order for the sale of such lands, under the pretense that the personal assets of the estate were insufficient for the payment of debts, &c., &c.

The petition concluded with a prayer that the allowance might be vacated and set aside, and the sale of the land postponed until a final hearing, and for other and further relief. The petition was held insufficient on demurrer, which alleged as grounds: 1st—That plaintiff, as shown by the petition, had an adequate remedy at law, by appeal from the judgment of allowance; 2nd—That, if injury had resulted, as alleged, from the acts of the administrator, a complete remedy at law existed by action on his bond; 3rd—That the petition contained no equity.

The court manifestly erred in adjudging the petition insufficient. A stronger case for equitable interference, was never presented than that which the demurrer confesses to be true. The reason why the plaintiffs did not avail themselves of an appeal is sufficiently set forth in the petition; the alleged

Stewart, et al. v. Caldwell, et al.

fraudulent concealment, cut them off from the benefits conferred by an appeal, even were we to concede, that the heirs of an intestate are possessed of such privilege. Nor could a suit on the bond of the administrator be regarded as adequate and complete, because a recovery on such bond, if it could be obtained, would sound only in damages; while the land which had descended to the heirs would have been, in the meanwhile, disposed of; and courts of equity usually attach far greater importance to land, as possessing an intrinsic value, not the subject of either computation or compensation in damages. But fraud belongs to the original jurisdiction, always exercised by a court of equity, and constitutes its "most ancient foundation"; and such jurisdiction is not ousted because a remedy exists at law, for the jurisdictional powers formerly possessed by that court, still continue unaffected by the enlargement which is taking place in the functions of the courts of law; and will not be extinguished by anything short of direct and positive prohibitory enactment. (1 Sto. Eq. Jur., §§ 64, 80, and cas. cit.) A petition in all its essentials precisely similar to the one under consideration, was held good by this court, in Mayberry vs. McClurg, 51 Mo., 256; See also Harris vs. Terrell's Ex'rs, 38 Mo., 421 and cas. cit.; Miles vs. Jones, 28 Mo., 87; 1 Sto. Eq. Jur., § 252.

Judgment reversed and remanded. The other Judges concur.