LEWIS F. CASEY, Appellant, *v.* GEORGE T. MURPHY, Respondent.

**May 27, 1879.**

1. Where an heir claims that an allowance against the estate was fraudulently obtained in the Probate Court, his remedy is not a proceeding in equity to set aside the allowance; but he may resist any application by the administrator for an order to sell the realty to pay the judgment.

2. To justify a court of equity in setting aside a decree, not only must there be plain allegations of actual, positive fraud in the very concoction of the judgment, made by one having an interest in the property, but it must appear that the complainant is damaged, and has no adequate remedy at law.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

J. P. VASTINE, for appellant: A judgment collusively or fraudulently procured should be set aside at the instance of the party against whom it was rendered. — *Miles* v. *Jones*, 28 Mo. 87; *Mayberry* v. *McClurg*, 51 Mo. 256; *Harris* v. *Tewell*, 38 Mo. 424; *The People* v. *Mayor*, 19 How. Pr. —; *Cornweller* v. *Griffin*, 9 Barb. 921; *Lawler* v. *Mayor*, 26 Barb. 262; *Sullivan* v. *Burgess*, 37 Mo. 300. A case where petition was filed to avoid a judgment for fraud. —

*Acock* v. *Acock*, 57 Mo. 154. That a judgment may be impeached for fraud or mistake cannot be questioned. — *Marx* v. *Fore*, 51 Mo. 74 ; *Rogers* v. *Gwinn*, 21 Iowa, 58 ; *Pierce* v. *Olney*, 20 Conn. 544 ; *Christmas* v. *Russell*, 5 Wall. 270.

A. McELHINNEY and FINKELNBURG & RASSIEUR, for respondent : The attempted plea of *res adjudicata* is incomplete. — *Taylor* v. *Larkin*, 12 Mo. 103 ; *Bell* v. *Hoagland*, 15 Mo. 360 ; *Wright* v. *Salisbury*, 46 Mo. 26 ; *Wells* v. *Moore*, 49 Mo. 229 ; *Spradling et al.* v. *Conway et al.*, 51 Mo. 51.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that George T. Murphy was administrator of Inez Murphy, deceased ; and that on October 23, 1874, Andrew W. Murphy presented for allowance against said estate, in the Probate Court of St. Louis County, an account for a balance due him on settlement as guardian of the deceased, which was allowed and placed in the fifth class ; that the plaintiff duly appealed from this judgment to the Circuit Court, which reversed this judgment and entered judgment for the estate, which judgment, on appeal to the St. Louis Court of Appeals, was affirmed, and this judgment duly certified to the Probate Court, and entered on its records on December 16, 1876 ; that on the last-named day said Andrew W. Murphy presented the same claim which had been thus adjudicated upon, anew to the Probate Court ; that the administrator waived notice, and the claim was on that day allowed by the Probate Court and placed in the sixth class ; that the claim was not placed on any docket of the Probate Court, and that the plaintiff had no notice whatever of the same ; that the time for presenting claims against said estate expired on February 26, 1876, more than nine months before the second allowance ; that said allowance is void, and was fraudulently and collusively obtained, by connivance and fraud between the administrator and the claimant, they well knowing at the time that the matter had

become *res adjudicata*. The plaintiff says that he is an heir-at-law of the deceased, and first heard of the allowance on October 9, 1877, when it was too late to appeal; that the deceased left a piece of land in St. Louis County of twenty-nine acres, and no other estate; that if this allowance be set aside, there will be no necessity for selling this realty; that if sold it will be sacrificed, and large expense needlessly incurred; that the plaintiff desires to avoid a sale of this realty; that no sale has been made and that the plaintiff has no adequate remedy on the administrator's bond, or against him individually, to protect the plaintiff's interests in the estate. The prayer is that the allowance be set aside. A demurrer to the petition was sustained, on the ground that it does not set forth facts sufficient to constitute a cause of action.

We do not think it necessary critically to examine the allegations of the petition. A judgment collusively or fraudulently procured may be set aside where a proper case is made by one having a right to attack the judgment. *Mayberry* v. *McClurg*, 51 Mo. 259. It may be that the allegations as to fraud and collusion in this bill are not sufficiently definite, and that it does not sufficiently appear that the former judgment, by which the matter of the second allowance is said to have become *res adjudicata*, was a judgment on the merits. But, conceding the bill to be sufficient in these respects, we think that the Circuit Court should not entertain the jurisdiction.

It does not appear that the plaintiff is injured by this alleged wrongful allowance. It is not said that the administrator is about to sell the land to pay it. And if the administrator does proceed to sell the land, he can only do so on publication, and the plaintiff, as a party interested, may then resist the application, and show that this judgment was obtained by fraud and collusion, if such is the fact. — *Callahan* v. *Griswold*, 9 Mo. 775. And this we think is his true remedy.

To justify the interference of a court of equity in the matter of setting aside a decree, not only must there be plain allegations showing actual and positive fraud in the very concoction of the judgment, made by a party, or at least by one having an interest in the property concerned, but it must appear that the complaining party is damaged, and has no adequate remedy at law. The plaintiff in the present case does not allege that he sustains any present damage from this judgment; he does not allege that a sale of his property is contemplated, or that any steps are about to be taken in that way; and if he did, and the fact were so, he could then attack the judgment as the basis of such proceedings, and if it is fraudulent, defeat the sale on that ground.

The judgment of the Circuit Court is affirmed. All the judges concur.