McGINDLEY, *Appellant*, v. NEWTON.

A suit will not lie to set aside or correct errors in a judgment obtained without fraud, or to procure a re-taxation of costs.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*A. N. McGindley* and *James Carr* for appellant.

*Eli J. Newton pro se.*

HENRY, J.—In 1870 the plaintiff was duly appointed by the common pleas court of Macon county, having probate jurisdiction, guardian and curator of the minor heirs of Benjamin Stephens, deceased ; and qualified, and entered upon the discharge of the duties, as such, and in April, 1875, he filed in said court, for the purpose of a final settlement, his account with said wards, and at the July term of said court, his final settlement was passed upon, and the court found that he was indebted to said wards in the sum of $245, and from the judgment of the court, he appealed to the circuit court of Macon county.   Prior to said adjudication in the probate court, the defendant herein, Eli J. Newton, was appointed by said court guardian and curator of said minor heirs, and, as such, appeared in the probate court in said cause, and afterward by the circuit court, on his application, was made a party to the proceedings then pending in said court on appeal.   He had witnesses subpœnaed and depositions taken in the cause, and on the trial thereof in said court, it was found that plaintiff was indebted to said wards in the sum of $245, and was ordered to pay said sum to said Eli J. Newton.

The petition alleged the foregoing facts, and also that Newton unlawfully procured his appointment as guardian and curator of said minors, and obtruded himself into said cause, both in the probate and the circuit court, and caused unnecessary costs to be incurred, and unlawfully procured the clerk of the circuit court to enter the order specifically requiring plaintiff herein to pay said sum of $245 and costs to Newton.   It is also alleged, that when Newton was appointed guardian and curator, plaintiff had not resigned or been removed as such, but was still the guardian and curator of said minors, and the prayer of the petition is, that the order of said court be modified, and legally entered, to the end that plaintiff may, on payment of any

balance in his hands, receive a legal acquittance therefor, and that the costs so incurred by Newton be taxed and adjudged against him. The court sustained a demurrer to the petition, and the plaintiff has prosecuted his appeal to this court.

The petition is certainly of an extraordinary character. Here was a cause originating in the probate court of Macon county, into which Newton, it is alleged, obtruded himself, as guardian and curator, and from the judgment in which McGindley appealed to the circuit court of said county, where Newton again makes his appearance, and has himself formally made a party to the proceedings, as guardian and curator of the wards. Whether McGindley resisted the application of Newton to be made a party does not appear. It is very clear that the proper and only way to have corrected the error of the court, if any was committed in this respect, was by appeal; and this is the first time we have ever known a suit instituted by one party against his adversary in a former suit, to correct an error committed by the court in the trial of the other. Not only this, but one object of the present suit is to have a re-taxation of the costs of the former suit, and another is to correct an order of court, which it is alleged Newton procured the clerk of the circuit court to enter upon the records of said court. The means by which he unlawfully procured his appointment, or by which he induced the clerk to enter this order of record, are not stated, neither is it alleged that the order so entered, was not the very order made by the circuit court. No fraud is alleged against Newton. The most that is charged against him is an irrepressibility, which, in a good cause, is commendable. All that the petition states, in substance, is that Newton procured his appointment, and persistently obtruded himself into the cause in both courts; that the courts both erred in their judgments, as to the amount of balance found due from McGindley to his wards, and as to the person to whom it should be paid, and in the taxation of costs. An original suit against

his adversary in a former suit, is a novel way of re-taxing the costs of the former suit, and an unheard of proceeding to correct the record in a cause which has been determined. A suit will lie to set aside a judgment obtained by fraud, but here this is not alleged. For aught that appears in the petition, Newton merely solicited and urged the clerk to the performance of his duty, to enter an order made by the court in the cause. True, it is alleged that he unlawfully procured the clerk to enter the order, but whether lawfully or unlawfully, is a conclusion of law from given facts, and, therefore, the petition would have been equally as good if the word "unlawfully" were stricken out. The judgment is affirmed. All concur.