### SMITH v. SIMS *et al., Appellants.*

1. **Probate Judgment**: COLLATERAL ATTACK : WANT OF CONSIDERATION. An order of the probate court allowing a note against the estate of a decedent cannot be assailed in a direct action on the ground that there was no consideration for the note. This is purely a matter of defense, and not the subject of affirmative relief.

2- ———— : ———— : FRAUD. Such an order may be vacated in a direct action for fraud; but it must be fraud in procuring the allowance. The mere procurement of an illegal allowance by representing the claim to be a valid one, is not sufficient.

3. ———— : PLEADING. A petition in an action grounded upon fraud must state the facts constituting the fraud. A mere allegation that the acts complained of were fraudulently done, is not sufficient.

4. **Probate Allowance** : ACTION TO VACATE AND RECOVER PAYMENTS. After the executors of an estate had paid part of a claim allowed

against the estate to the original claimant and another part to an assignee of the allowance, an action was brought by a judgment creditor of the estate to vacate the allowance and compel the refunding of the money paid. Both the original claimant and the assignee were made parties defendant. *Held*, that there was no error in this, as they had a joint interest in maintaining the integrity of the allowance; but *Held* also, that a joint judgment against both for the aggregate amount paid was error; the judgment should be limited to a recovery against each for the amount received by him; *Held* also, that the plaintiff could recover only so much as was due upon his judgment, and it there was a balance in the hands of the defendants it was not clear on what principle the court could order it paid into court.

*Appeal from Audrain Circuit Court.* — HON. G. PORTER, Judge.

REVERSED.

*Ira Hall* for appellants.

*McIntyre & Brown* for respondent.

WINSLOW, C.—This action was originally commenced against appellants individually, and M. V. Ford and James Ridgway as executors of Z. J. Ridgway, deceased. An amended petition was filed in substance as follows: That on March 12th, 1875, Z. J. Ridgway, a resident of Audrain county, died testate, naming the defendants Ford and Ridgway as executors of his will, which was duly probated and letters issued to the executors named therein, who qualified and are still acting thereunder; that January 1st, 1874, the testator executed his promissory note to the defendant James E. Sims, for $729, value received, payable one day after date, with interest at ten per cent; that Sims was the brother-in-law of testator; that July 13th, 1875, Sims presented the note for allowance against the estate, and it was allowed for $845.47, and classed in the fifth class of demands; that in March, 1876, the executors paid Sims $198.48 on this demand; that there were allowed against

said estate demands to the amount of $22,000; that the executors have applied to the payment of demands all the estate in their hands subject to such payment, and that the assets are insufficient to pay all the demands in full by about thirty-nine per cent; that said note was without consideration and a gift; that at its execution the testator was insolvent, and all the debts allowed were then outstanding; that said note was allowed by the false and fraudulent representations of Sims to the effect that it was given for a valuable consideration and a valid debt; that after the payment to Sims above stated, he transferred the evidence of said allowance and judgment to defendant Carson, who knew that the same was fraudulent and without consideration as aforesaid; that in 1877, the executors paid Carson $350 on said allowance; that plaintiff is a creditor of the estate to the amount of $1,108, allowed May 10th, 1876, and that the sum of $432.12, with interest, remains unpaid for want of assets. The relief asked is, that the note be declared void and the allowance thereof be set aside, and that Sims and Carson, or either of them, pay into court for the use and benefit of plaintiff, to the satisfaction of his claim, the sum paid to them, and the balance for the benefit of other creditors.

The executors demurred to this petition on the grounds that it did not state facts sufficient to constitute a cause of action, and that they were improperly joined as parties. Sims and Carson filed separate demurrers, in substance alike, stating as grounds, that the petition did not state a cause of action, that Carson and Sims were improperly joined with the executors, that Carson and Sims were improperly joined as defendants, that individual causes of action against Carson and Sims were improperly joined, and that no joint liability against Carson and Sims was shown by the petition. On the hearing of the demurrers the plaintiff entered a non-suit as to the executors, the demurrers were overruled as to the other defendants, who declined to plead further, and a judgment was entered in

favor of plaintiff against Sims and Carson for $460.20, the amount of his claim; and these defendants were ordered to pay into court $116.28, being the balance of the amount paid to them on their demand by the executors after paying plaintiff, to be disposed of by the order of the court for the benefit of the other creditors of the estate.

The petition shows on its face that the note of the testator to the defendant Sims was duly allowed in the probate court of Audrain county, and all the facts necessary to give that court jurisdiction are stated.   The allowance of a demand by a probate court of this State is a judgment of a court of record, and declared by statute to have all "the force and effect of a judgment." R. S., § 192.   By the same section these courts are given jurisdiction over "all offsets and other defenses allowed by law;" and by section 194 the executor or administrator is empowered to present any offset or make any defense that the testator or intestate might have made in his lifetime.   The complaint against the note in question is, that it was executed voluntarily and without consideration, and that its allowance operated as a fraud upon the creditors of the estate.   This, if true, would have been a good defense against the allowance of the note ; but it was purely a matter of defense, not the subject of affirmative relief; and, hence, whether interposed in the probate court or not, it was barred by the judgment of allowance, and can only be re-opened or affected by such matters as would affect the judgment itself. *Greenabaum v. Elliott*, 60 Mo. 25.   The statute already cited committed the jurisdiction over these matters to the probate court; and an appeal from its judgment to the circuit court was authorized.   R. S., § 292.   Or the allowance could have been vacated and a new trial obtained upon the proper application.   R. S., § 216.   None of these steps were taken to review the allowance, but it was allowed to ripen into a judgment, which could only be assailed upon some recognized ground of equitable interposition.

1. PROBATE JUDGMENT: collateral attack: want of consideration.

The plaintiff's entire case rests, primarily, upon the want of consideration for that note, and this matter has

2. ——— : ———:
fraud.

been adjudicated by a judgment which is conclusive upon him at law. It must be apparent that he can make no progress until he removes that judgment and puts himself in a position to re-open the matter apparently concluded by it; and the controlling question in the case is, has he made such a showing in his petition as will entitle him to relief against the judgment? The only allegation in the petition affecting the judgment is, " That said note was allowed against the said estate by the false and fraudulent representations of the defendant Sims, to the effect that said note was for a valuable consideration, and represented a valid debt." In other words, he procured the allowance of a demand against the estate, based upon a note which purported on its face all that he is charged with representing, but against which a good defense existed. Whether this defense was made, or why it was not made, is not stated; nor is it charged that there was any collusion with the executors, or any imposition upon the court in procuring the allowance. All of these matters are left to conjecture.

" The fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment. If the cause of action be vitiated by fraud, this is a defense which must be interposed, and unless its interposition be prevented by fraud, it cannot be asserted against the judgment." Freeman on Judg., (3 Ed.) § 489. It will not be necessary to consider the question whether the defense against the allowance of this note was prevented by fraud or mistake, because an examination of the cases will show that the petition does not contain any pertinent allegations on the subject. No reason is assigned why the defense was not made; nor does it appear but what it was made and defeated for want of evidence. *George v. Tutt,* 36 Mo. 141; *Reed v. Hansard,* 37 Mo. 199; *Ritter v. Dem. Press Co.,* 68 Mo. 458; *Carolus v. Koch,* 72 Mo. 645. While

18—77

the allowances and judgments of probate courts may be set aside when fraudulently or collusively obtained, the procurement of a merely illegal allowance will not be sufficient to obtain such relief, but some fraud and collusion in procuring it must be alleged and shown. *Mayberry v. McClurg*, 51 Mo. 256; *Stewart v. Caldwell*, 54 Mo. 536; *Sheetz v. Kirtley*, 62 Mo. 417, and cases cited; *Miller v. Major*, 67 Mo. 247.

The most that can be said of the allegation in this case is, that it charges the procurement of a merely illegal allow-

3. ——: ——: ance, without showing the fraudulent cirpleading. cumstances under which it was allowed. The allowance was procured by representing the note to represent a consideration and a valid debt, but how any one was injured or misled by this representation, or how the interposition of the proper defense was prevented thereby, does not appear. No fraudulent concealment is alleged; and, if it may be inferred from the allegation made, there is no accompanying allegation that the proper diligence was exercised in discovering and making the defense. *Riddle v. Baker*, 13 Cal. 295. The general allegation that the allowance was procured by the fraudulent representation that the note was valid is not sufficient; it is but a conclusion of law, and the petition would be just as good by omitting the words false and fraudulent, leaving it to read that he procured the allowance by representing the note to be valid. *McGindley v. Newton*, 75 Mo. 115. "To charge fraud, it is not enough to say that the party fraudulently procured, or fraudulently did this or that, or committed a fraud. They are but conclusions of law; the facts constituting the fraud must be stated." Bliss Code Plead., § 211.

We conclude, therefore, that the alleged want of consideration for the note was a matter of defense which merged in the judgment of allowance, that all the facts stated tending to show fraud relate to the original cause of action, not the procurement of the allowance, and there

are no allegations to show that the interposition of the defense was prevented by fraud, and that the general allegation that the allowance was procured by fraudulent representations is not sufficient. For these reasons alone the demurrer should have been sustained.

It is, also, maintained that the petition improperly joins the defendants Sims and Carson as parties defendant, and that causes of action against them individually are improperly united. The petition, when properly constructed, may show good reasons for setting aside the judgment of allowance, and, in that event, we are not prepared to say that they may not properly be joined. The object of the action is to set aside the judgment, of which Sims is the assignor and Carson the present owner, and they have a joint interest in maintaining its integrity. Whatever affects the judgment as to one affects it as to the other. While one might not be a necessary party to a suit against the other, it cannot be said that he would not be a proper party under the statute, which declares that " any person may be a defendant who has or claims an interest in the controversy adverse to plaintiff." R. S., § 3465. The statute authorizes a judgment " for or against one or more of several defendants; and it may determine the ultimate rights of the parties on each side, as between themselves." R. S., § 3673. The prayer of the petition for a judgment against them individually and jointly for the entire amount paid them by the executors on the allowance, without reference to the amount received by each, is clearly erroneous, but the prayer for relief does not affect the sufficiency of the petition.

The judgment on the demurrers was rendered against Carson and Sims jointly for the entire amount of plaintiff's claim, without reference to the amount each received from the executors on the allowance, and they were ordered to pay into court the balance of the entire sum received by either from the estate. The petition states that $198.48

was paid Sims in March, 1876, while he owned the allowance, and $350 to Carson in 1877, after it had been transferred to him. This was erroneous. Manifestly, they can only be held responsible individually for the amount received by each. On what principle can Carson be held liable for the amount received by Sims, when he is only chargeable at all as the assignee of the judgment with notice, and there is no allegation that he participated in any of the alleged frauds?

Neither is the principle clear upon which the balance was ordered paid into court, since it has been the uniform ruling in this court that neither the administrator nor the other creditors are necessary parties to these actions, and none of them are now parties to this action. What is to be done with this fund? Must the case remain open until all the creditors come in and receive their share? At what period of time, if the other creditors do not intervene, will the defendants be entitled to reclaim their money? for it evidently belongs to them as against all other parties.

The petition is framed upon the theory that the execution of the note by the testator to Sims, voluntarily and without consideration, its presentation for allowance by Sims and procuring its allowance on the representation that it was executed for a valuable consideration, and its payment out of the assets of the estate, operated as a fraudulent disposition of so much of the testator's property, so as to bring the case within the rule permitting a single creditor to maintain a bill to set aside a fraudulent conveyance and obtain priority in the payment of his claim. We have not considered this question, because its proper solution may depend on facts not stated in the present petition, and on the facts stated, as has already been shown, the plaintiff cannot recover.

The judgment should be reversed and the cause remanded, with directions to sustain the demurrers and permit plaintiff to amend his petition. All concur.