GEORGE PENN *et al.*, Respondents, v. JAMES C. PENN, Appellant.

Kansas City Court of Appeals, February 17, 1890.

Equity : JURISDICTION TO SET ASIDE JUDGMENT: REMEDY AT LAW AND IN EQUITY. Although the probate court, on a report of the sale of realty by the administrator, has power to investigate the existence of debts of the estate and find and determine that the allowances of debts were fraudulent, and therefore refused to confirm the sale,

and an appeal also lies from its order of approval, yet such power does not preclude the injured parties from invoking the interference of a court of equity to set aside a fraudulent judgment, and restrain sale proceedings thereunder. Such jurisdiction of equity is not ousted, because a remedy exists at law, for the jurisdictional powers formerly possessed by that court still continue unaffected by the enlargement, which is taking place in the functions of the courts of law and will not be extinguished by anything short of direct and positive prohibitory enactment.

*Appeal from the St. Clair Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*John H. Lucas* and *George L. Mann*, for the appellant.

(1) It is needless to cite authorities in support of the familiar proposition that an injunction will not be granted where there exists an adequate remedy at law. (2) Upon an application by an administrator for an order of sale of real estate to pay debts, the heirs, or any one interested in the real estate, may appear and prevent the making of such order by showing that the allowance of the debts in question was obtained by fraud, or other improper means. *Callahan v. Griswold*, 9 Mo. 784 (side paging); *Casey v. Murphy*, 7 Mo. App. 247. And after the order of sale has been made and the real estate sold, and before the approval of the sale, the heirs may appear upon the report of sale being made, and object to the approval of the report for the same reasons. Any matter, that could have been shown to prevent the order of sale, may also be shown to defeat the approval of the report of sale, and from a judgment of approval appeal will lie to the circuit court. Upon objection to approval of the report of sale, the heirs may show that the debts "have been paid, or have no existence except by erroneous or fraudulent allowances," and such a showing will defeat the approval of the report, and a "refusal to approve the

report avoids the order of sale itself." *Felix v. Felix*, 80 Mo. 27.

*Fyke & Hamilton* and *Neal & Duckworth*, for the respondents.

The only question to be considered by this court, we think, is the sufficiency of the petition. The petition states a cause of action. *Maybury v. McClurg*, 51 Mo. 256; *Stewart v. Caldwell*, 54 Mo. 536; *Maybury v. McClurg*, 74 Mo. 575; *Purdy v. Gault*, 19 Mo. App. 191. The doctrine is well settled in this state that, "in respect of fraud, the jurisdiction of equity is concurrent with that of law." *Nelson v. Betts*, 21 Mo. App. 219.

SMITH, P. J.—The appeal in this case is prosecuted by the defendant for the sole purpose of testing the sufficiency of the following petition:

"Plaintiffs state that heretofore on the —— day of ——, 1883, one Martha Penn, a widow, died intestate, in the county and state aforesaid, leaving surviving her, as her only heirs at law, the above-named plaintiffs, to-wit: George Penn; Mattie Crawford, who is intermarried with the said R. L. Crawford and who is joined with her for the purposes of this suit; Ellen Brannian, who is intermarried with Jno. Brannian and who is joined with her for the purposes of this suit; Mariah Jenkins, who is intermarried with J. R. Jenkins and who is joined with her for the purposes of this suit, and James C. Penn, the defendant aforesaid.

"That at the time of the death of the said Martha Penn, she was seized and possessed of the following described real estate situated in the county of St. Clair, and state of Missouri, to-wit: The west half of block seven (7) and lot eight (8) in block two (2) in Lowry City, in the county and state aforesaid, and together with other lands.

"That the said Martha Penn, at the time of her death, owned a large amount of personal property, to-wit, of

the value of —— dollars, and that she was not indebted in any account whatever; that subsequent to her death and on the —— day of November, 1883, the said defendant, James C. Penn, was appointed administrator of the estate of the said Martha Penn, deceased, and duly qualified as such administrator and duly took possession of all of the property, real and personal, belonging to the said estate aforesaid, of said deceased.

"That at the August term, 1884, of the probate court of the county and state aforesaid, the said defendant, designing and intending to cheat, defraud and swindle the estate aforesaid and these plaintiffs, procured the order of the probate court aforesaid appointing one 'W. W. Shaffner as administrator *pro tem.* for the purpose hereinafter named; that, at the term of the probate court aforesaid, defendant presented, for allowance, to said court a pretended, false, fictitious and fraudulent claim against said estate in favor of the said defendant in the sum of sixteen hundred and fifty ($1,650) dollars which said false, fictitious and fraudulent claim aforesaid was presented to the probate court aforesaid at the term aforesaid and allowed by said court.

"Plaintiffs aver that the pretended, false, fictitious and fraudulent claim aforesaid was represented by said defendant to be founded on an account against the said estate for maintenance of the said deceased, which said claim was wholly untrue as was well known to the said defendant; that the judgment of the allowance aforesaid was procured by artifice and deception on the part of the said defendant, and by misrepresentations made to the said probate court, and without proving the same as required by law, and by conniving and colluding with the said administrator *pro tem.* as aforesaid, the said judgment of allowance was obtained by deception, fraud and misrepresentations aforesaid and by the connivance and consent fraudulently made by the said administrator *pro tem.* aforesaid, and for the purposes aforesaid; that, at the term of the probate court

aforesaid, the said defendant as administrator aforesaid presented his petition praying for the sale of the real estate aforesaid to pay the false and fraudulent claim aforesaid; that said court made an order of publication of the petition aforesaid and of notification to the persons interested in said estate that at the next term of said probate court, to-wit,' the November term, 1884, that an order of sale would be made for the sale of said land as provided by law, that said order of notification was not complied with and said notice as required by law was not given by said defendant until the —— day of August, 1885.

"That said notice was given in an unusual manner, to-wit, by posting up notices of the same; that plaintiffs had no actual knowledge of the proceedings of the said probate court nor of the fraudulent transactions of defendant aforesaid; that these plaintiffs were in easy and convenient communication with defendant but that he withheld all knowledge of the facts aforesaid from plaintiffs and moved with great secrecy in all the matters aforesaid; that at the August term, 1885, of the probate court aforesaid defendant procured an order of sale from said court for the land aforesaid and proceeded on the —— day of ——, 1886, to advertise the same for sale, and that he set the eleventh day of February, 1886, as the day for the sale of the same, and that unless he is restrained by this court from so doing will proceed to sell the same for the purpose of paying the false and fraudulent claim aforesaid; and that said estate is indebted in no way save as to the said pretended, false and fraudulent claim aforesaid. That, of all and singular the matters and things and transactions aforesaid, plaintiffs had no information nor knowledge until the said advertisement of sale aforesaid brought to their knowledge the said fraudulent transactions of defendant.

"Plaintiffs further state that they have no adequate remedy at law in the premises aforesaid, that said sale

will cast a cloud on their title to said land, that they have a valid defense to the said fraudulent claim of defendant which they were unable to make at the time when the same was allowed by said probate court for the reason aforesaid ; that they will suffer irreparable damage should such land be sold as advertised by defendant as aforesaid.

"Wherefore they pray the court to make an order and decree enjoining defendant from selling said land as aforesaid and that said injunction be made perpetual, and that the allowance aforesaid be cancelled and vacated for naught, held and esteemed'; and that said claim be declared fraudulent and void and defendant be enjoined from further proceedings with the same and for such other and further relief in premises as may be right and proper."

It will be perceived that this suit is brought to set aside the judgment of the probate court on account of fraud and collusion, which is circumstantially stated in the petition; and to restrain the defendant administrator from selling the real estate for the purpose of satisfying the said fraudulently procured judgment.

It may be conceded that from the judgment of approval of a sale of real estate by the probate court, an appeal will lie to the circuit court, and that, upon objection to the approval of the report of sale, the heirs may show that the debts of the estate have been paid, or have no existence, except by erroneous or fraudulent allowances, to defeat the approval of the report; but does the existence of this remedy at law preclude the plaintiffs from invoking the interference of a court of equity to set aside the fraudulent judgment, and restrain the proceedings attempted thereunder ?

In *Stewart v. Caldwell,* 54 Mo. 536, it was declared, "That fraud belongs to the original jurisdiction always exercised by a court of equity, and constitutes its most ancient foundation." And "such jurisdiction is not

ousted, because a remedy exists at law, for the jurisdictional powers formerly possessed by that court still continue unaffected by the enlargement, which is taking place, in the functions of the courts of law, and will not be extinguished by anything short of direct and positive prohibitory enactment.'' For a full and extended consideration of the jurisdiction of courts of equity, in cases of this kind where there exists a concurrent remedy at law, we refer to the very able opinion of Mr. Justice PHILIPS in *Prudy v. Gault*, 19 Mo. App. 191. Petitions in all their essentials, like the one before us have been held good by the supreme court in several cases. *Stewart v. Caldwell*, 54 Mo. 536; *Maybury v. McClurg*, 51 Mo. 256; s. c., 74 Mo. 575; *Pratt v. Clark*, 57 Mo. 189; *Nelson v. Betts*, 21 Mo. App. 219.

The petition we deem sufficient, therefore the judgment of the circuit court will be affirmed. All concur.