ANNE M. PETERS, Administratrix of AUGUSTUS KERR, dec'd, Appellant, v. S. N. HOLLIDAY, Administrator of JOHN M. WIMER, dec'd, Respondent.

*Administration.—Demands—Judgments.*—Under the provisions of the act of Administration, R. C. 1855, p. 151, art. 4, § 1, judgments which are liens upon the real estate of the deceased are to be paid out of the proceeds of the sales of the lands, if the estate be insolvent, in the order of the judgment liens, without any regard to the order of allowance or classification in the Probate Court. The intention of the act was to secure to the creditor the fruits of his lien, which he was precluded from following by the death of the debtor. The second subdivision of sec. 1, postponing claims not presented in the first year, does not apply to judgments which were liens upon land if the estate be insolvent.

*Appeal from St. Louis Circuit Court.*

This cause was submitted upon the following agreeed case:

1. That on 24th May, 1860, John J. Anderson & Co. recovered judgment against John M. Wimer for the sum of $3,601.34, and that said judgment was assigned to plaintiff's intestate.

2. That said judgment was rendered in the lifetime of said Wimer, and that said Wimer died on the 13th day of January, A. D. 1863.

3. That said Romyn was appointed administrator of said Wimer on the 24th day of March, A. D. 1863, and duly qualified and gave notice of the grant of letters of administration.

to him within thirty days after his appointment, as required by statute.

4. That said judgment in favor of John J. Anderson & Co. was not presented to be allowed and classified within one year after the grant of letters to said Romyn; that said judgment was presented within two years after the grant of said letters, and was classified in the sixth class of demands, 10th June, 1864.

5. That in June, 1864, the said Romyn filed a petition in the Probate Court, wherein he stated that from his annual settlement made at that term, and from the abstract of judgments and allowances already made against said estate, and of the claims of which he was notified, there was not sufficient personal property to pay the debts, and asking the court to order a sale of the real estate. This was on the 27th day of June, A. D. 1864, and the petition then filed was accompanied with a statement of all the allowances made against the estate up to that time, as well those upon judgments rendered against said Wimer in his lifetime, as those upon notes and open accounts.

The court ordered said Romyn to give notice of his application to all persons that such application had been made, and that, unless objections were shown before the first day of the September of said court for that year, said order for the sale of the real estate of said Wimer would be made.

At the September term, 1864, said Romyn reported and proved that he had given the designated notice, and that the court ordered him to sell the real estate on the fourth Monday of November following; which order he complied with, having had the necessary appraisement made and notice given. He reported his sale at the December term, 1864, of the Probate Court, and the sale was disapproved by the court; and at the same time a renewed order for sale was made, ordering him to sell on the fourth Monday of February, A. D. 1865, which order was not complied with.

On the —— day of December, 1865, he reported to the court that he had not sold as required by the previous order

of the court, for the reason that the widow of the deceased had taken steps to procure the assignment of the dower in the real estate to be sold, and asked for a renewed order of sale; which was granted, and the real estate ordered to be sold on the fourth Monday of February, A. D. 1866.

The said administrator Romyn sold the above named property in February, 1866, for $16,105, and made his report to the Probate Court March 10, 1866, when the sale was approved.

6. That the real estate sold by order of the court was situated in St. Louis county, and that the judgment of May 24, 1860, in favor of John J. Anderson & Co., and against said Wimer, was rendered by the St. Louis Court of Common Pleas.

7. That the judgments rendered against said Wimer, and which were a lien upon his real estate at the time of his death, were as follows, and rendered at the following dates, and classified as follows:

| Plaintiffs. | Amount. | Date. | Court. | Class. |
|---|---|---|---|---|
| Bank of the State of Missouri... | $ 799 00 | Feb. 28, 1860 | Com. Pleas. | 4 |
| John J. Anderson & Co., assigned to Anne M. Peters... | 3,601 64 | May 24, 1860 | Com. Pleas. | 6 |
| Bank of the State of Missouri... | 859 04 | June 5, 1860 | Com. Pleas. | 4 |
| A. M. Gardner... | 1,417 50 | Oct. 1, 1860 | Cir. Court. | 4 |
| Sarah Kitchen... | 1,255 25 | Oct. 2, 1860 | Cir. Court. | 4 |
| Bery... | 835 12 | Oct. 26, 1860 | Cir. Court. | 4 |
| J. B. Hill... | 5,425 88 | Jan. 7, 1861 | Com. Pleas. | 4 |
| John C. Ivory... | 1,718 43 | Jan. 12, 1861 | Com. Pleas. | 4 |
| B. M. Runyon... | 664 88 | Jan. 12, 1861 | Com. Pleas. | 4 |
| P. R. Kenrick... | 324 93 | Jan. 12, 1861 | Com. Pleas. | 4 |
| J. Harrison... | 205 54 | Jan. 12, 1861 | Com. Pleas. | 4 |
| W. H. Card... | 678 10 | Jan. 14, 1861 | Com. Pleas | 4 |
| National Insurance Company... | 284 51 | Jan. 14, 1861 | Com. Pleas. | 4 |
| Joshua H. Bates... | 653 35 | Jan. 19, 1861 | Com. Pleas. | 4 |
| C. V. Le Beau... | 239 70 | Jan. 19, 1861 | Com. Pleas. | 4 |
| C. V. Le Beau... | 860 10 | Jan. 19, 1861 | Com. Pleas. | 4 |
| Charles La France... | 1,304 00 | Jan. 19, 1861 | Com. Pleas. | 4 |
| J. W. Owens... | 350 53 | Jan. 19, 1861 | Com. Pleas. | 4 |
| Clemens Harris... | 932 76 | Jan. 19, 1861 | Com. Pleas. | 4 |
| Michigan Mutual Insurance Co.. | 446 01 | Jan. 21, 1861 | Com. Pleas. | 4 |
| Geo. B. Murray... | 880 00 | Jan. 23, 1861 | Com. Pleas. | 4 |
| M. P. Cayce... | 1,238 36 | May 19, 1861 | Cir. Court. | 4 |
| S. M. Riley... | 1,097 45 | Jan. 7, 1862 | Cir. Court. | 4 |
| Sutter & Cabanné... | 333 27 | Feb. 15, 1862 | Cir. Court. | 4 |
| J. M. Williams... | 180 50 | May 23, 1862 | Cir. Court. | 4 |
| J. B. Brant... | 315 78 | Jan. 7, 1863 | Cir. Court. | 4 |

Only one of the foregoing judgments was rendered prior to the one in favor of Anderson & Co., the payment of which is sought to be enforced.

8. That the said John M. Wimer was before and at the time of his death insolvent; and that his estate is insolvent, and was so insolvent at the time the petition and order of sale were made.

The plaintiff, as the assignee of John J. Anderson & Co., presented to the Probate Court a petition, praying that said judgment be paid by said administrator out of the proceeds of sale of said real estate, in the order of the rendition of said judgments according to date, disregarding its classification in the sixth class and in preference to other judgments rendered against said Wimer in his lifetime at subsequent dates, but duly presented and placed in the fourth class by the St. Louis Probate Court.

*Knox & Smith*, for appellant.

The law that applies to this case is contained in sec. 1, art. 4, of the title Administration, and secs. 11 to 21 inclusive of art. 3 of the same title of the R. C. 1855, and the law in regard to the lien of judgments.

Sec. 10 of art. 3, of the above law, provides how one judgment against the estate of one who dies insolvent shall be paid when it is a lien upon his realty; it provides for the sale of the property, and sec. 12 provides that the proceeds of the sale shall be applied to the payment of such judgment, "and the residue shall become assets in the hands of the administrator, to be administered according to law;" that is, shall be paid on the classified claims which are not upon judgments, in the order in which they are classed.

Sec. 13 of the same article provides that "if such real estate be bound by the lien of the several judgments or attachments, or both, the executor shall state them in his petition for the sale of real estate, giving their dates and amount, and the names of the persons in whose favor they are rendered;" and sec. 14 provides that "the proceeds of the sale of such

real estate shall be first applied to the payment of such judgments and attachments according to their priority of lien."

It will be perceived by the court that these sections contain specific and full directions as to the manner in which the money arising from the sale of the real estate shall be applied. It is to be paid according to priority of lien. There is no reference to classification. Whether it be in the fourth, fifth, sixth or seventh class, matters not; so that it is a lien upon the real estate, it shall be paid out of the proceeds of the sale of the real estate according to priority, and not according to any classification.

If we turn to the fourth subdivision of sec. 1, art. 4, of the title Administration, R. C. 1855, we find that "judgments rendered against the deceased in his lifetime," and brought in for classification within one year after letters of administration are granted, are to be placed in the fourth class, without regard to whether they are liens are not. They may have been granted in counties different from that in which decedent's real estate is situated; the lien may have expired before his death; yet, if allowed within the year, they are to be placed in the fourth class, and have the benefits of the distribution of assets arising from his personal estate according to order of classification; "but" (this same subdivision goes on) "if such judgments shall be liens upon the real estate of the deceased, and the estate shall be insolvent, such judgments as are liens upon the real estate shall be paid as provided in secs. 11–21 of the 3d article of this act, without reference to classification, except the classes of demands mentioned in the first and second subdivisions of this section, shall have precedence of such judgments"; that is, funeral expenses and expenses of the last sickness shall have precedence. Now what does it mean when it says, "but if such judgments shall be liens upon the real estate of the deceased"? What judgments does it mean by "such judgments"? It means just what the preceding language says, "judgments rendered against the deceased in his lifetime," and not merely these that have been placed in the fourth

class ; and when we follow the language of the same subdivision further, and find that the money is to be paid according to the "priority of the lien," as provided in secs. 10–21, we find no limitation to the fourth class, but on the contrary it provides that it shall be paid according to priority of lien, "without reference to classification." Nothing can be plainer than this. Classification shall not enter into it; the law trebles its emphasis on this point.

It first says, in art. 3, that the proceeds of the sale of lands shall be applied to the payment of judgments that are a lien upon that land. It makes this provision independent of classification. Then, in that clause where it provides for the classification of judgments, in order that there shall be no misunderstanding and no clashing of different provisions, it provides that when the judgment is a lien upon real estate, that, so far as the proceeds of real estate are concerned, priority of judgment shall be the rule by which it shall be paid, and to make the emphasis full, perfect, and absolutely certain, it says, " without reference to classification." To this term, " without reference to classification," there is no limit. Were the directions in art. 3 entirely wanting, it would even then not be in doubt; but with the three directions, all in consonance, all making the same provision, one corroborating the other, and accumulating the certainty that it means that no regard shall be paid to classification, but that priority in the time of rendering the judgment shall be the only thing regarded in distributing the proceeds of the sales of real estate.

*Whittelsey*, and *Glover & Shepley*, for respondent.

The question presented in this case is : In the administration of an estate, shall the judgment creditor who has failed to present his claim for allowance and classification within one year after the grant of letters (due notice being given), and whose claim is therefore placed in the sixth class of demands, because his judgment had priority of lien at the

death of the decedent, be entitled to payment out of the proceeds of the sale of the real estate, in preference to judgments which were liens, and which were allowed and placed in the fourth class? The question may be more briefly stated: Does the creditor with a judgment lien lose anything by failing to present his demand within one year after letters granted and notice given? Would he lose anything if he never presented his demand at all?

I. To be paid his demand out of the assets, real or personal, the judgment creditor must present his judgment as a demand for allowance against the estate of the deceased to the administrator and the Court of Probate—R. C. 1855, p. 151, chap. 2, art. 4, §§ 1, 2, 5, 9, 13, 18, 27, 29; Bryan v. Mundy's Adm'rs, 14 Mo. 458; Wood et al. v. Ellis' Adm'rs, 12 Mo. 616; Miller v. Janney's Adm'rs, 15 Mo. 265; Nelson v. Russell, 15 Mo. 356; Carondelet v. Des Noyers' Adm'rs, 27 Mo. 36, 39; Miller et al. v. Doan, 19 Mo. 650; Prewitt v. Jewell, 9 Mo. 732.

II. If he fail to do this within three years, the claim is barred—R. C. 1855, p. 151, §§ 1, 3, 7, & §§ 2, 27, & p. 131, § 19, in the same manner as other demands; Montelius et al. v. Sarpy, Adm'r, 11 Mo. 237.

III. If he fail to present his demand within one year, he loses his claim to be paid as a judgment creditor, and takes his place as a general creditor in the sixth or seventh class, in which he exhibits his demand—R. C. 1855, ch. 2, art. 4, §§ 1, 3, 7, & 2, 29. The provisions of art. 4, § 1, s.d. 4, do not alter this rule; the words, "without regard to classification," mean only that the judgments which are liens shall, out of the realty, be paid by priority of lien, instead of *pro rata* with all judgments in fourth class—§ 29.

IV. The plaintiff's demand being placed in the sixth class, can therefore take no part of the assets of any kind until all demands in the previous classes are satisfied, and any lien had was lost by neglect to present the demand within one year—R. C. 1855, p. 157, §§ 29, 27, 28.

WAGNER, Judge, delivered the opinion of the court.

John J. Anderson & Co. recovered judgment against John M. Wimer for the sum of $3,601.34, on the 24th of May, 1860, which judgment, subsequent to its rendition, was assigned to plaintiff's intestate; Wimer died on the 13th day of January, 1863, and William J. Romyn was appointed administrator of his estate March 24, 1863, and duly qualified and gave notice of the grant of letters of administration to him within thirty days as required by statute. The appellant's judgment was not exhibited to the Probate Court till the second year of the administration, and was then placed in the sixth class of demands. Several judgments were rendered against Wimer after appellant's judgment; but they were all presented to the Probate Court for allowance within the first year of the administration, and placed in the fourth class of demands. The judgments were all liens on real estate, and Wimer died insolvent. The respondent, as administrator, duly filed his petition asking for an order to sell the real estate belonging to Wimer, which was granted, and the sale was made; the property, however, did not bring an amount sufficient to pay off the judgment debts. The appellant then moved the Probate Court to order the administrator to pay off the judgment demand of her intestate, in preference to the subsequent judgment creditors, regardless of the classifications that had been made; this was sustained by the court, and the order made. The respondent appealed from this order to the Circuit Court, where the judgment of the Probate Court was reversed, and the case is now brought here by appeal.

The controversy here wholly grows out of the conflicting views entertained as to the true construction of the first section of article 4 of the Administration Act, R. C. 1855, p. 151. That section declares that "all demands against the estate of any deceased person shall be divided into the following classes: *First*—Funeral expenses. *Second*—Expenses of the last sickness, wages of servants, and demands for medicine and medical attendance during the last sickness of

the deceased. *Third* — Debts due the estate. *Fourth* — Judgments rendered against the deceased in his lifetime, and judgments rendered upon attachments levied upon property of the deceased during his lifetime; but if such judgments shall be liens upon the real estate of the deceased, and the estate shall be insolvent, such judgments as are liens upon the real estate shall be paid as provided in the 11th, 12th, 13th, 14th, 15th, 16th, 17th, 18th, 19th, 20th and 21st sections of the third article of this act, without reference to classification, except the classes of demands mentioned in the first and second subdivisions of this section, shall have precedence of such judgments. *Fifth* — All demands, without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate. *Sixth* — All demands thus exhibited after the end of one year, and within two years after letters granted. *Seventh* — All demands thus exhibited after the expiration of two years, and within three years after the granting of such letters. All demands included in the first, second, third and fourth classes of this section, which shall not be legally exhibited within one year after the granting of the first letters on the estate, shall be classed, as provided by law, according to the time at which they are exhibited.

It is now insisted that because the judgment of the appellant's intestate was not allowed till the second year, and then classified in the sixth class of demands, that all priority was lost, and that it is entitled to none of the distributive share in the assets till the payment of the demands applicable to that class. At first glance there is a seeming incongruity in the section; but, upon a careful inspection, and taking all parts together, the intent, meaning and scope appear sufficiently clear. In general language, it provides that all demands included in the first, second, third and fourth classes, which are not legally exhibited within one year after the granting of the first letters, shall be classed as other demands according to the time at which they were exhibited. The fourth subdivision provides that judgments rendered against

the deceased in his lifetime shall be placed in the fourth class; and this classification is made without regard to the time when they were rendered, or whether they continued to be liens or not. Judgments being considered of a higher nature than a contract, chose in action, or unliquidated demand, are given a preference; but where the judgment is a lien upon real estate, and the estate of the decedent is insolvent, then the lien is not destroyed so as to put it on an equal footing with other judgments which do not constitute liens, but is to be paid according to the manner pointed out by certain sections in article three of the act relating to administrations, without reference to the time when it was classified.

The intention was to preserve to the judgment creditor the fruits of his lien, which he was precluded from following up and making effective by the death of the debtor. That this is the manifest intention of the statute is evident. All judgments rendered against the deceased in his lifetime are to be put in the fourth class of demands; but express provision is made in case they are liens, and the estate is insolvent, how they shall be paid, without reference to classification. The clause in the seventh subdivision taking away the precedence given to certain classes of demands unless they are duly exhibited in the first year, cannot be made to apply to judgments which were liens, where the estate is insolvent, without entirely ignoring the effect to be given to the special provision providing for their payment without reference to their classification.

The result is, the judgment of the Circuit Court must be reversed, and the judgment of the Probate Court affirmed. The other judges concur.