BASSETT v. ELLIOTT'S ADMINISTRATOR, *Appellant.*

**Administration**: JUDGMENT DEMANDS. Those provisions of the Administration Act which ordain the payment of judgments against the estates of deceased persons in the order of priority of their liens, can be invoked only when an estate is insolvent. By this is meant such a condition as renders it necessary to obtain satisfaction by means of the lien on the real estate. Proof that the personalty is insufficient to pay the judgment is sufficient evidence of insolvency.

*Appeal from Linn Circuit Court.*—Trial before CARLOS BOARDMAN, ESQ., sitting as Special Judge.

AFFIRMED.

*A. W. Mullins* for appellant.

*Strong & Mosman* and *Chas. L. Dobson* for respondents.

MARTIN, C.—This suit was commenced by an application to the probate court of Linn county for an order to compel an administrator to pay certain proceeds of a sale of real estate to the plaintiffs as owners of a judgment lien. On the 10th day of May, 1877, the plaintiffs recovered a judgment against William H. Elliott in the sum of $1,910.28. On the 14th day of December, 1877, said Elliott died leaving the judgment against him for the most part unsatisfied. The judgment was duly presented and assigned to the fourth class of claims as a demand against his estate. Elliott was seized of a large amount of real estate at the time of his decease. It appeared in the course of the administration that the personal property was not sufficient to pay the debts of the deceased, and thereupon the defendant, who was administrator of the estate, filed his petition on the 15th day of February, 1878, in the probate court, alleging that fact, and stating further that the real estate of the deceased was bound by the lien of the judgment in favor of plaintiffs as also by the lien of another judgment in favor of one F. S. Black in the sum of $220, and praying for an order to sell the real estate therein described, or so much as would be necessary to pay the debts against the estate. In pursuance of this petition an order of sale was made, and the administrator effected a sale of several thousand dollars' worth of real estate. On his refusal to pay any of the proceeds to plaintiffs, they made their application for an order to compel him to do so. After a trial of the facts alleged in the application, the probate court made an order on him to pay over the sum of $750, that being the amount found by the court to be in the hands of the administrator payable on the judgment lien of plaintiffs. From this judgment an appeal was taken to the circuit court, where the case was tried *de novo*, and ter-

minated in an order of payment in the same amount which had been entered in the probate court. From this last judgment the case comes here on appeal.

I am unable to discover any merit in this appeal. It is not pretended by the defendant that the lien of a judgment on real estate is terminated by the death of the debtor. It is true that the judgment creditor is no longer able to enforce his lien by execution, but he is not without remedy in the probate court. It is provided in our Administration Act that when the administrator is compelled to resort to the real estate to obtain funds to pay debts, he shall in his application for the order, mention the liens to which it is subject. It is also provided that the proceeds of the sales of such real estate shall be first applied to the payment of the judgment liens according to their priority, and that only the surplus after payment of such liens becomes assets for payment of general creditors. 1 Wag. Stat., p. 95, §§ 11, 12, 13, 14, 15, 16; R. S. 1879, §§ 146, 152, 153, 154; *Kerr's Adm'r v. Wimer's Adm'r*, 40 Mo. 544. Such liens are to be paid according to their priority and irrespective of classification. Our statute on the classification of demands evidently contemplates that the liens of judgments are not to be discharged in this manner, unless there is a necessity for it in the insolvency of the estate. R. S. 1879, § 184. By this is meant such insolvency as shall render it necessary to make the money by virtue of the lien on the real estate. It is objected by defendant that there was no proof of insolvency. But in this he is mistaken. According to his sworn statement there was only the small sum of $300 in personalty. This I think was sufficient proof of insolvency to justify a resort to the real estate for payment of the judgment. *Turner v. Adams*, 46 Mo. 99; *Wiley v. Bradley*, 67 Ind. 560.

It is unnecessary to review the instructions. No other judgment than the one rendered, could be justified by the law and the evidence. Accordingly it is affirmed. All concur.