BASSETT et al. v. SLATER, Administrator, Appellant.

**Administration:** JUDGMENT DEMANDS. A creditor possessed of a judgment lien against the real estate of a deceased debtor, is entitled, as against the administrator selling said real estate under order of the probate court, to have his judgment lien first satisfied from the proceeds of the sale, leaving the surplus only for distribution among the unsecured creditors. If, after knowledge of such lien, evidenced by a recital of it in his petition for sale of the real estate, the administrator has paid out to unsecured creditors any of the proceeds of such sale, in violation of the lien, such fact is no answer to an application for its payment.

*Appeal from Linn Circuit Court.*—S. P. HUSTON, ESQ., Special Judge.

AFFIRMED.

*A. W. Mullins* for appellant.

Appellant was appointed administrator of Wm. II. Elliott

on January 23rd, 1878, and made his first annual settlement February 13th, 1879, and the second February 12th, 1880, being the regular February term in each of said years. Respondents filed their petition in the office of the judge of the probate court, on April 15th, 1880, in vacation. It was heard by the court at the May term following, and the application asking for an order for the payment of respondents' demand was denied. This ruling of the probate court was right, as it had not jurisdiction to entertain the petition and make the order asked for at the time the application was made. R. S. 1879, § 233. The probate court could apportion the money on hand and order the payment of claims only at the term at which an annual settlement was made. It can only exercise jurisdiction in the manner prescribed in the statute. *Powers v. Blakely*, 16 Mo. 437; *Jefferson Co. v. Cowan*, 54 Mo. 234. The order of the circuit court was for the payment of an amount greatly in excess of the cash in the administrator's hands at that time, and was for that reason clearly erroneous. There is not sufficient evidence in this case to show that Elliott's estate was insolvent. An estate is not insolvent if it is possessed of enough property, including all kinds, to pay its debts. 1 Bouvier's Law Dic., (8 Ed.) p. 641; *Eddy v. Baldwin*, 32 Mo. 369. There being no evidence of the estate's insolvency, the plaintiffs were not in a position to invoke the aid of the statute giving priority over other creditors having demands in the same class.

*Strong & Mosman* and *Chas. L. Dobson* for respondents.

It was the duty of the appellant, as administrator, to have paid to respondents upon their judgment, any amount received by him, arising from the sale of real estate bound by the judgment, without any regard to other claims against the estate, or to the time of making his settlements. Gen. St. 1865, chap. 122, §§ 10, 11, 12, 13, 14, 15; R. S. 1879, §§ 146, 152, 153, 154, 184; *Peters v. Holiday*, 40 Mo.

544; *Bassett v. Elliott*, 78 Mo. 525. It is only the residue after paying the judgments which are liens against the real estate that goes into the hands of the administrator, to be administered according to law. Gen. St. 1865, chap. 122, § 15; R. S. 1879, § 154. The petition filed by the administrator for leave to sell the real estate, alleges that respondents' judgment was a lien upon the land sought to be sold.

MARTIN, C.—The merits of this case have been disposed of in the case of *Bassett v. Elliott*, 78 Mo. 525, in which it was held that a creditor, possessed of a judgment lien against the real estate of a deceased debtor, was entitled, as against the administrator selling said real estate under order of court, to have his judgment lien first satisfied from the proceeds of the sale, thus leaving the surplus only for distribution among the unsecured creditors.

The proceeding in this case was in the form of another application for an order on the administrator to pay a further sum on the same judgment lien, on account of the receipt of further proceeds from the same sales of real estate. The evidence disclosed the fact that the administrator has received further proceeds, sufficient to comply with the order of payment made by the court. The only judgment lien existing against the proceeds, is the one belonging to plaintiffs. If, after knowledge of the lien, evidenced by a recital of it in his petition, for sale of the real estate, the administrator has gone on and paid out to the unsecured creditors, any of these proceeds, in violation of the lien, he has no one to blame but himself. Such fact is no answer to the present application for payment.

The order made by the court was legal and proper, and should be affirmed; and it is so ordered. All concur.