M. Y. WILKS, Administrator, Respondent, v. S. A. MURPHY, Administrator, Appellant.

**Kansas City Court of Appeals, November 9, 1885.**

1. ADMINISTRATION—ORDER OF DISTRIBUTION. — The probate court could not order distribution to a claimant, whose demand had not been allowed as provided by the statute, and when such claimant was not before the court.

2. —— ASSIGNMENT OF CLAIM FOR PROBATE—CASE ADJUDGED.— Where an estate was indebted to two persons jointly, and one of them assigned her interest to the other, for the purpose of probate only, and the claim was duly presented and probated in his name, the claim, when collected from said estate, is entitled to be jointly distributed between the joint claimants, and if refused, a cause of action arises against one so refusing, or in case of his death, against his administrator ; but not until such collection and refusal.

APPEAL from Adair Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and petition dismissed.*

The facts are stated in the opinion.

H. F. Millan, for the appellant.

I.   The allowance of the demand in favor of D. W. Alexander against the estate of Jamama Alexander, of which Wilks was administrator, was a judgment, and is *res adjudicata*, as far as the parties thereto, and the parties in the case are concerned.   *Kennedy v. Shepley*, 15 Mo. 640 ; *Dullard v. Hardy*, 47 Mo. 403.

II.   Petitioner, Wilks, *as administrator* of the estate of Jamama Alexander, has no interest in this case, and is not a proper party.   *Gardner v. Armstrong*, 31 Mo. 535.

III.   DeFrance, the attorney who advised the assignment of the joint claim for the purposes of probate, was not a competent witness.   Revised Statutes, section 4017.

IV.   The motion *in arrest* should have been sustained.   Revised Statutes, sects. 190, 200, 212, and 230, and authorities above cited.

James M. DeFrance, for the respondent.

I.   An appeal lies from the probate to circuit court, on refusal of the court to order an apportionment among creditors.   Rev. Stat., sect. 292.   The administrator may maintain an appeal in such case.   *McCune Estate, Holliday, adm'r*, 76 Mo. 200, and cases there cited.   The administrator represents all the creditors.   A claimant might sell all or a portion of his claim, and should not be allowed to collect that which he *did not own*, especially if he is insolvent, as in this case.

II.   The probate court had full power and jurisdiction to afford a complete and final administration of the fund.   *French v. Stratton*, 79 Mo. 560.   If Wilks, after knowledge that one-half of this claim was owned by Sarah Alexander, had paid it all to Murphy, administrator of David Alexander, without any resistance on his part, he would have been liable to Sarah Alexander for one half.   *Bassett v. Slater*, 31 Mo. 75 ; *North v. Pricet*,

81 Mo. 561; all going to show that an administrator must take notice of equities existing against the funds in his hands.

III. The attorney, DeFrance, was a competent witness in the case. His evidence did not disclose any communications made to *him* as attorney, but only what transpired between clients in his presence. His advice was only in the nature of *suggestion*, she being sick and scarcely able to be out of bed. The money is hers and she should have it, and ought not to be paid over to the administrator of her brother to be swallowed up by his creditors.

PHILIPS, P. J.—The estate of Jamama Alexander was indebted to David W. Alexander and Sarah E. Alexander jointly. They applied to an attorney to prepare this claim for allowance against said estate; and, as is now claimed, it was suggested and agreed upon between them that said Sarah should assign her interest in the claim to said David Alexander. David made the requisite statutory affidavit, and the claim was duly presented and probated in his name. Aside from an allowance for funeral expenses, this was the only demand against the estate. After the demand on account of the funeral expenses had been paid, and the two years within which claims against the estate could be admitted to probate, this claim or judgment in favor of said David Alexander only remained for payment, and the administrator, M. Y. Wilks, had in his hands funds to be applied thereto. After this allowance said David Alexander died intestate, and letters of administration were granted on his estate to S. A. Murphy. During the pendency of this appeal said Wilks died, and the cause has been revived here in the name of Thomas Edmonds, administrator *de bonis non*.

After the death of said David Alexander, Wilks, administrator of the estate of Jamama Alexander, presented to the probate court of Adair county, where said administration was pending, his petition, setting out the

facts aforesaid respecting the allowance of said claim, and the lapse of the two years for the presentation of other claims, alleging that the said Sarah Alexander claims that one-half of the sum so allowed against the estate in favor of David Alexander ought to be paid to her or to her agent, as she is the equitable owner of one-half thereof—no consideration having, in fact, been paid her for said assignment. The petition prayed for an order of the probate court directing the administrator of Jamama Alexander's estate to distribute one-half of the fund in his hand applicable to said probated demand to the said Sarah Alexander, etc.

To this application the administrator of David Alexander appeared and filed motion, in the nature of a demurrer, to dismiss the petition, for the reason that said Wilks, administrator, has no interest in the subject matter of the petition—is not a necessary party to such controversy ; and because no claim is filed in the probate court by said Sarah, and the probate court has no jurisdiction of the subject or the parties. The probate court sustained this motion, and the administrator, Wilks, appealed to the circuit court. In the circuit court the administrator of David Alexander renewed the motion to dismiss, setting up the same objections above stated, and for the further reason that said Sarah Alexander was not made a party to the proceeding, and that the circuit court had no jurisdiction to make the order asked for. The motion was overruled.

The circuit court found the facts in favor of the petitioner, and made decree that Wilks, administrator, pay over to said Sarah Alexander one half of the money in his hands applicable to said claim allowed in favor of David Alexander. From this judgment the administrator of the estate of David Alexander prosecutes this appeal.

I. This whole proceeding is novel, and, I think, unprecedented. The administrator, Wilks, was meddling with a matter that did not concern his administration, and the probate court was asked to set itself up as a court

of chancery to adjust the respective interests and equities of outside parties, one of whom was not even before the court, as to what should become of the money collected on a judgment of the probate court. When the probate court allowed the claim in favor of David Alexander it became a judgment of a court of record, possessed of all the dignity, force and inviolability of the judgment of any other court of record. *Jones v. Brinker*, 20 Mo. 87. After the term at which it was rendered, the probate court lost control over it, and had no power to set it aside or meddle with it, at law. *Peake v. Redd*, 14 Mo. 79 -83; *Smith v. Sims*, 77 Mo. 272. The only method by which that judgment could be avoided would be by appropriate proceeding in equity to set it aside. *Jones v. Brinker*, 20 Mo. 87; *Smith v. Sims, supra ; Purdy et al. v. Gault et al., ante*, p——

II. Sarah Alexander, herself, would have no standing in a court of equity to have the judgment vacated. There was no fraud, or mistake in its procurement. It was rendered in exact conformity with her agreement and understanding, and with her full assent. This allowance being the only claim against the estate, no order of distribution was necessary to authorize the administrator to pay it. *State ex rel. Longdon v. Shelby*, 75 Mo. 484. All other claims, if any, being barred, and the time for final distribution being at hand, it was the plain duty of the administrator to pay the judgment, so far as he had assets, to the judgment creditor. The judgment would have been a complete protection to him. He had no right to recognize or concern himself with a claim not probated. Sarah Alexander, until she swore to a claim, as the statute directs, and had the same presented for allowance within the prescribed time and manner, was not a creditor or distributee of the estate of Jamama Alexander. The administrator was not a stake-holder of a fund to which two parties were asserting title. The right of one of the parties to this fund had been adjudicated against this estate, and that, too, by the consent

and co-operation of the very party now claiming half of it. By that judgment the administration was and is bound. And when he turned aside, at the instance of some outside party, to espouse the cause of Sarah Alexander, as he did in this case, he was outside of his duty as administrator, and is deserving of censure and rebuke. No expense incurred by him in such contention should be allowed against the estate. It is waste.

The cases of *Bassett v. Slater* (81 Mo. 75), and *North v. Priest* (*Ib.* 561), so far from giving any color to this proceeding, are direct authorities for the position, that the judgment was of superior dignity, and that if the administrator had paid the money to any other party than the judgment creditor he would have done so at his peril. As to the equities between the estate of David Alexander and Sarah Alexander, and their controversy as to their respective interests in the fund, it was clearly *res inter alios acta*, with which the probate court had no concern. It could not order distribution to a claimant whose demand had not been allowed, as by statute prescribed, and when such claimant was not even before the court. If Sarah Alexander has a just demand against the estate of David Alexander let her present it for allowance, as the statute directs, against his estate. When the estate of David Alexander has collected this fund under the judgment, and his administrator shall have refused to pay Sarah Alexander her claim on it, if she have any, then, and not until then, will she have a cause of action.

The probate court was right in dismissing the proceeding, and the circuit court was wrong in sustaining it. The judgment of the circuit court is reversed, and the petition dismissed. The costs of this appeal should be taxed against the estate of M. Y. Wilks; but as his legal representative is not before this court we cannot so order. Hall, J., concurs, Ellison, J., not sitting.