S. B. GRISWOLD, Appellant, v. P. R. JOHNSON ET AL.,
Respondents.

Kansas City Court of Appeals, May 24, 1886.

1. ACTION—JURISDICTION — EQUITY — ENFORCEMENT OF LIEN AFTER
   DEATH OF JUDGMENT DEBTOR—CASE ADJUDGED.—Where a judg-
   ment was rendered and a transcript of it filed before the sale of land
   by the judgment debtor to a third person, it is a lien upon the
   *property* and *it* is liable for the amount thereof.  Before resorting
   to means for the enforcement of the lien, in a case where the judg-
   ment debtor is dead, the judgment creditor must have exhausted
   his legal remedies, as, for instance, by showing an allowance of his
   claim in the probate court against the estate of the judgment
   debtor ; except where it would have been useless ; as where it is
   admitted, as in this case, that the judgment debtor died leaving no
   estate whatever, of any kind or description.  Since the *lien* can
   not be enforced in the probate court, and the judgment debtor being
   dead no ~~judgment~~ *execution* can issue ; a court of equity has jurisdiction to
   enforce the lien of the judgment.

2. HOMESTEAD—PROTECTION OF FROM DEBT.—In order to protect a
   homestead from debt there must not only be a deed to the claimant,
   but it must be duly filed of record.  If one has a good and suffi-
   cient deed to his homestead, but which has not been filed for
   record, he can not claim it as exempt from execution, though the
   execution plaintiff knew of his ownership, and of the deed, at the
   time the debt was contracted.  So if one has a contract for the
   purchase of land, a title bond, or the like, he cannot, under the
   statute, claim it as exempt from execution ; he must have a *deed*
   filed of record.

APPEAL from Jasper Circuit Court, HON. M. G.
McGREGOR, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is a case commenced by a bill in equity in the
circuit court of Jasper county, Missouri, the object of which
is to enforce the lien of a judgment obtained by appel-
lant against one Frank Campbell in his lifetime, said

Campbell having died after obtaining the judgment, and having, prior to his death, conveyed to respondent Johnson the land, against which the lien is sought to be enforced, and at his death leaving no property of any kind. The conveyance to respondent Johnson and the death of Campbell have both taken place within ten days after the time plaintiff acquired his judgment.

The following is the entire evidence in the case:

For plaintiff:

1. A warranty deed from Charles J. Fogerberg and wife to Frank Campbell for lot thirty-eight, Waco, Jasper county, Missouri, of date June —, 1882, filed for record September 20, 1882. Properly acknowledged "which deed recites that it is made in satisfaction of deed to Frank Campbliss of date February 16, 1882." And plaintiff admitted that it was made to correct deed to Frank Campbliss February 16, 1882.

2. A warranty deed from Franklin Campbell and wife to Peter R. Johnson, of date December 27, 1882, conveying lot thirty-eight, Waco, filed for record December 28, 1882, properly acknowledged.

3. A warranty deed from Peter R. Johnson and wife to Henry W. Davidson, for lot thirty-eight, Waco. Properly acknowledged, of date April 9, 1883, filed for record April 16, 1883.

4. A transcript judgment in favor of plaintiff against Frank Campbell, rendered December 16, 1882, for $117.82, and costs before a justice of the peace, the transcript of which was filed in the office of the circuit clerk, December 21, 1882.

5. Justin Williams, book-keeper of plaintiff, testified that the account upon which plaintiff obtained judgment was all contracted prior to March 23, 1882, except one item of $30.48, which was contracted March 27, 1882.

6. It was then admitted by defendant that Frank Campbell died about January 1, 1883, leaving no property of any kind real or personal.

For defendants :

1.   An instrument of writing in form of warranty deed from Charles J. Fogerberg and wife to Frank Campbliss for lot thirty-eight, Waco, Missouri, of date February 16, 1882, filed for record March 23, 1882, in which instrument there was no seal or scroll to grantors' signatures.

2.   It was then admitted by plaintiff that, prior to his death, said Frank Campbell had erected a frame building on said lot, and fenced same during the summer of 1882, and lived with his wife in the back end of the building, and sold groceries in the front end of it, and was living on said lot, at the time of contracting the debt sued for, with his family, and the lot did not exceed in amount and value the statutory homestead.

It is admitted in this case that the deed from Charles J. Fogerberg and wife to Frank Campbliss, dated February 16, 1882, and filed for record March 23, 1882, was in fact made and delivered to Frank Campbell, and that "Campbliss" was a clerical error in drawing the deed. That Frank Campbell went into possession of the lot in controversy under said deed, was occupying it with his family March 23, 1882, and prior thereto, and that he continued so to occupy it till he conveyed it to defendant, Peter R. Johnson.

On the evidence the court found the issues for defendant and dismissed plaintiff's bill, to which plaintiff excepted and in due time filed his motion to set aside and for new trial, which the court overruled, to which plaintiff excepted, and brings the case to this court on appeal.

MCREYNOLDS & HALLIBURTON, for the appellant.

I.   The lien of the judgment did not expire with the death of the judgment debtor. Sect. 2743, Rev. Stat.; *Miller v. Doan*, 19 Mo. 650. And the lien may be revived against the purchaser of the land, though his grantor be dead. *Andrews v. Buckbee*, 77 Mo. 428.

II.   Plaintiff has no legal remedy—the judgment debtor being dead no execution can issue.  Sects. 2743, 2744, Rev. Stat.   Plaintiff cannot reach the land through the probate court, the judgment debtor having conveyed it in his lifetime to defendant.  *George v. Williamson*, 26 Mo. 190.   And an administration and allowance of claim would be a useless expense, as the judgment debtor left no property of any kind ; and an administrator could take no action as to this land.

III.   Equity will not suffer a right to be without a remedy ; and will make the remedy, when applied, a complete one.   Bisp. Eq. (2 Ed.) sect. 37–8.   It will not only *enforce* liens, but may remove them when they come in conflict with superior equity.   *Young v. Cason*, 48 Mo. 262.   Plaintiff in a judgment at law can go into equity to enforce his lien against the property of defendant, if he has exhausted his legal remedies.   *Merry v. Freeman*, 44 Mo. 518 ; *Allmett v. Leper*, 48 Mo. 319 ; *Stratimore v. Clark*, 70 Mo. 471 ; *Carr v. Parker*, 10 Mo. App. 304 ; *Williams v. Mitchner*, 3 Stockton (N. J.) 520.

IV.   Judgment debtor did not acquire a homestead until September 20, 1882.   The earlier conveyance to him was not a deed.   Sect. 2695, Rev. Stat.; Thompson on Homesteads, sects. 300, 304; sects. 668–691, Rev. Stat.; Bishop Cont., sects. 530, 560 ; *Long v. Stapp*, 49 Mo. 509.

V.   The court of equity having charge of the cause will do equity between the parties, and enforce the claim of plaintiff against the property in hands of purchaser. *Reeg v. Burnham*, 20 N. W. Rep. 715.

A. L. THOMAS, for the respondents.

I.   The judgment debtor acquired a homestead on twenty-third of March, 1882, the date of filing his deed for record.   The statute does not require that the conveyance shall be a perfect conveyance ; nor that it shall be "a deed," in a technical sense.   All that is required

is, the filing of *the deed*, by which the title, whether legal or equitable, is acquired. Sect. 2695, Rev. Stat.

II. A part of plaintiff's account having been contracted after the filing of the deed for record (twenty-third of March, 1882), and plaintiff having taken judgment for the whole debt, the date of contracting the whole debt is the date of the last item in the account. Thompson on Homesteads, sect. 295; *Miller v. Miller*, 39 Am. Dec. 598. Using part of the dwelling for a store would not forfeit the homestead right. Thompson on Homesteads, sect. 138.

III. Judgment liens are statutory and can be enforced only according to the statute. *Mitchell v. Wood*, 47 Miss. 231; *Warner v. Veutch*, 2 Mo. App. 459; Story on Eq. Jur. (10 Ed.) sects. 14, 15; *Pohlman v. Shamway*, 24 Ill. 127; *Miami Bank v. Turpin*, 3 Ohio 517.

Ellison, J.—It will be observed, from the statement in this cause, that the judgment, upon which this equitable action is based, was against one Frank Campbell, who received from one Fogerberg and wife an instrument purporting to be a deed to the property now sought to be charged in the hands of defendant. That this instrument had no seal affixed thereto, and that, instead of being made to Campbell as grantee, it was, by clerical error, made to *Campbliss*.

This instrument was dated February 16, 1882, and was filed for record March 23, 1882. That on June —, 1882, Fogerberg, for the purpose of "satisfaction of the deed to Frank Campbliss," made a proper deed, duly sealed and acknowledged, to Campbell, which was recorded September 20, 1882.

That all the debt, except one item, for which the judgment was rendered, existed prior to March 23, 1882, the time when, what is claimed as Campbell's first deed, was recorded.

That the judgment against Campbell was rendered December 16, 1882, a transcript of which was filed in the

clerk's office, December 21, 1882, being six days before defendant bought of Campbell the property sought to be charged. The judgment then was a lien on the property and it is liable for the amount thereof, unless it was Campbell's homestead as is claimed by defendant.

I. Preliminary to a consideration of this question of homestead, defendant insists that plaintiff has no remedy in equity, and, therefore, cannot maintain this action. This contention is tantamount to denying plaintiff any remedy whatever. For the defendant in the judgment being dead, no execution can issue. *Hardin v. McCause et al.*, 53 Mo. 255; *Wernecke v. Wood, Adm'r*, 58 Mo. 352; *Wernecke v. Kenyon*, 66 Mo. 275. If the land was not Campbell's homestead, plaintiff's judgment was a lien upon it and this lien cannot be enforced in the probate court.

The estate of Campbell has no interest in the land, since it was conveyed in the lifetime of the intestate (*Zoll v. Soper*, 75 Mo. 460); and such conveyance cannot be questioned by an administrator of such grantor's estate, nor by his heirs. *Ib.*

It is perfectly clear that unless plaintiff can enforce the lien of his judgment by the interposition of a court of equity he is without remedy. That he can have relief in equity we regard as settled by the adjudication of the supreme court of this state. *Almet v. Leper*, 48 Mo. 319.

In all such cases however he must have exhausted his legal remedies, and for this purpose must show himself to be in such position that he could properly have taken advantage of his legal rights. As in cases of this nature he should ordinarily show an allowance of his claim against the estate of Campbell by the probate court. In this case, however, the correctness of the judgment is conceded, and it is admitted that Campbell died, leaving no estate whatever, of any kind or description. An administration, then, would have been useless and the presentation and allowance of this judgment by the

probate court would have been, under the admissions in
this record, an idle ceremony. Under such circum-
stances, we think plaintiff has a sufficient standing in a
court of equity, and that he has pursued the proper
remedy.

II. By section 2695, Revised Statutes, the home-
stead shall be liable for all debts existing at the time of
acquiring the homestead, and the homestead, for this
purpose, shall be deemed to have been acquired at the
date of filing the deed thereto in the recorder's office.

The question, then, is, when was Campbell's deed to
this land filed with the recorder; on March 23, 1882,
when he filed the unsealed instrument to Frank Camp-
bliss, or on September 20, 1882, when he filed a proper
deed to himself?

A construction of the homestead law is now without
its difficulties, and this section has been frequently criti-
cised, Judge Napton saying that its phraseology is
sing"ularly unhappy." *Faira et al. v. Quigly*, 57 Mo.
287. "The evident object of this section, so far as it
bears on the subject matter of the present controversy,
was to establish an unalterable criterion, to govern in
all cases where disputes should arise as to the period
when the homestead was acquired. That period, as
definitely settled by statutory enactment, is "the date of
the filing in the proper office, etc., the deed of such
homestead." *Shindler et al. v. Givens et al.*, 63 Mo.
394.

In order, then, to protect a homestead from debt
there must not only be a deed to the claimant, but it
must be duly filed for record. If one has a good and
sufficient deed to his homestead, but which has not been
filed for record, he cannot claim it as exempt from an
execution, though the execution plaintiff knew of his
ownership and of the deed, at the time the debt was
contracted. So, if one has a contract for the purchase
of land, a title bond, or the like, he cannot, under the

statute, claim it exempt from execution; he must have a deed filed for record.

In the case before us the instrument filed for record March 23, 1882, was unsealed, and was, therefore, not a deed. "A deed, under all circumstances, implies and requires a seal; and without something answering to a seal, according to the law of the state where the land lies, it cannot be a deed." 3 Washburn Real Property, 259. It follows, then, that Frank Campbell only acquired the homestead, upon which this lien is sought to be enforced, for the purpose of claiming an exemption under execution for debt, on September 20, 1882, the date of the filing of the deed from Fogerberg to him.

The result is, we reverse the judgment and remand the cause. All concur.