LULA GRACE, APPELLANT, v. MRS. GEORGE W. LEE ET AL., RESPONDENTS.—57 S. W. (2d) 1095.

Kansas City Court of Appeals. February 6, 1933.

*A. R. Troxell* for appellant.

*Harris, Price & Alexander* and *George S. Starrett* for respondent.

BLAND, J.—This is a suit in equity to enforce the lien of a judgment obtained by plaintiff against Ella Moody and Newton Moody, husband and wife, during their lifetime. The petition, among other things, asks that execution be ordered and the real estate of said Ella Moody sold to satisfy said judgment. At the close of all of the testimony the court rendered a decree in favor of plaintiff with which plaintiff was dissatisfied, resulting in this appeal by her.

The petition states that on January 29, 1930, plaintiff obtained a judgment in the sum of $450 and costs against Ella and Newton Moody, now deceased; that said judgment was entered upon a stipulation reciting that in consideration of plaintiff being allowed to take judgment she would have no execution issued nor make any attempt to collect the judgment for a period of two years from its date, unless upon the death of both defendants; that after a reasonable time thereafter plaintiff should have execution issued upon the judgment if she deemed it necessary to do so; that at the time the judgment was rendered until the death of Ella Moody, on March 23, 1930, she was the owner in fee simple of a house and lot in Columbia; that Ella Moody died intestate, leaving surviving her as her sole and only heirs at law, her husband, Newton Moody and her sole devisee, the defendant, Mrs. George W. Lee, who is the executrix of the will; that her claim on said judgment had been allowed by the probate court against the estate of Ella Moody and that said estate is insolvent and will not make any payment to plaintiff on her claim.

The petition further alleges that on January 8, 1932, Newton Moody died intestate, leaving as his sole and only heirs at law various persons named in the petition who are made parties defendant; that no part of said judgment has been paid and that it is now an "existing lien" upon the house and lot in question.

The case was poorly tried. It is difficult to ascertain from the record what facts were properly proved, but for the purpose of this case we may assume that all of the facts alleged in the petition were established, also, that first and second class claims in substantial amounts have been proven against the estate of Ella Moody.

The chancellor found that plaintiff's judgment was a valid and subsisting lien upon the real estate in question; that the sole and only asset of the estate of Ella Moody consisted of the real estate in question; that the estate is insolvent and had been since the death of said Ella Moody. The court decreed that the land be sold by the sheriff under execution and that he distribute the proceeds of the sale in

the following order: (1st) that he pay all costs of this suit; (2d) that he pay to the executrix of the estate of Ella Moody such sum as is necessary for the payment of the expenses of administration of the estate of Ella Moody in the probate court, also, such a sum as is necessary for the payment of the first and second class claims filed against said estate; (3d) that he pay to plaintiff such a sum as is necessary to satisfy plaintiff's judgment, together with interest thereon and costs; (4th) that he pay the amount remaining to the executrix of the estate of Ella Moody for distribution according to law.

Plaintiff insists that the decree of the court was erroneous in making the judgment lien of plaintiff subject to the expense of administration of the estate of Ella Moody, deceased, and the payment of the first and second class claims against said estate; that she is the holder of a judgment lien on the real estate of said Ella Moody, and is entitled to exhaust such real estate to the exclusion of administration expenses and all other claims against the estate. Defendant insists that plaintiff had an adequate remedy at law and that this proceeding in equity cannot be maintained.

Under the law as it existed in this State between the years of 1827 and 1845, a judgment lien was extinguished by the death of the judgment debtor. In the latter mentioned year the law was changed so that the lien of the judgment survives, but no execution on such a judgment is allowed but the same must be classified in the probate court as other demands. [See Miller v. Doan, 19 Mo. 650; Brown v. Woody, 64 Mo. 547; Wolford v. Scarbrough, 21 S. W. (2d) 777, 781.] In the last mentioned case the court said: "In our State the creditor may not have execution upon his judgment after the death of the judgment debtor. He must thereafter seek satisfaction of his judgment through the probate court."

Upon the granting of letters testamentary or administration the probate court has complete charge of the property of the deceased. That court is the forum where the amount of the assets and the order in which they are to be appropriated by law for disbursement, is to be fixed and ascertained. Of course, under some circumstances not material now to mention, some claims against an estate may be prosecuted in the circuit court. In no event can there be ground for equitable cognizance of a claim where the claimant has an adequate remedy at law, either in the probate or the circuit courts. [See Curlee Clothing Co. v. Boxer, 51 S. W. (2d) 894, 896.]

Full and ample provision is made by our administration statute for the allowance and the payment of claims, including judgments against the estates of deceased persons in the probate court. [Beekman v. Richardson, 150 Mo. 430.] As before stated, our law requires the presentation of judgments for allowance as claims against the estates of the judgment debtors in the probate court. Section 182, Revised Statutes 1929, provides that judgments shall be placed in

the fourth class and, if such a judgment shall be a lien upon the real estate of deceased and the estate be insolvent, as in this instance, the judgment, as such lien, shall be paid as provided in Sections 146 to 156. The latter mentioned sections concern the sale of real estate of the deceased in the probate court in order to pay debts and cover judgment liens upon such real estate and their priority and discharge. All that plaintiff had to do to enforce her lien was to make a claim on her judgment in the probate court, which she did, and have it assigned to the fourth class and, then, in case the executrix did not make application for the sale of the real estate to discharge such indebtedness, plaintiff would have had the right to make such application. [Sec. 146, R. S. 1929.] There was no occasion for bringing this suit in equity.

We have examined the cases of Griswold v. Johnson, 22 Mo. App. 466, and King v. Hayes, 223 Mo. App. 138, cited by plaintiff and find them not in point. In both of those cases the judgment debtor, during his lifetime, conveyed the real estate to a third person, and, as was said in Griswold v. Johnson, supra, l. c. 471: "Such conveyance cannot be questioned by an administrator of such grantor's estate, nor by his heirs." In other words, the administrator of an estate stands in the shoes of the deceased and has no greater rights in deceased's real estate than the latter had and, if the deceased had conveyed the real estate during his lifetime, the probate court could have no jurisdiction over it. The estate being insolvent it was impossible to collect the judgment through administration and it was, therefore, held that plaintiff had no remedy at law and could only enforce the lien upon the land in the hand of the third person by a suit in equity. Of course, that is not the circumstances in this case. Ella Moody, the judgment debtor, did not convey her property prior to her death but, as the sale of the same became necessary for the payment of her debts, there is ample provision in the statute for the probate court to obtain jurisdiction of it and order its sale and to adjudge the payment of plaintiff's judgment.

We do not think that, in any event, plaintiff ought to be heard to complain of the decree of the court, for the reason that the decree gives her substantially what she would have obtained had she properly proceeded against the estate of Ella Moody in the probate court. Section 182, Revised Statutes 1929 (subdivision IV), providing that judgments shall be classified in the fourth class reads as follows:

"Judgments rendered against the deceased in his lifetime, and judgments rendered upon attachments levied upon property of the deceased during his lifetime; but if such judgments shall be liens upon the real estate of the deceased, and the estate shall be insolvent, such judgments as are liens upon the real estate shall be paid as provided in Sections 148 to 156, without reference to classification, ex-

cept the classes of demands mentioned in the first and second subdivisions of this section shall have precedence of such judgments.''

This statute makes the claim of the plaintiff subordinate to claims coming under subdivisions I and II of the section, which cover funeral expenses and the expenses of the last sickness of the deceased, etc.

Plaintiff in support of her contention that she is entitled to the payment of her judgment ahead of any of the other claims against the estate, the estate being insolvent and the real estate upon which the judgment is a lien being the only property owned by the estate, refers to Section 150, Revised Statutes 1929, which provides that, in sales of real estate through the probate court to pay debts, ''The proceeds of the sale of such real estate shall be first applied to the payment of such judgments and attachments, according to their priority of lien, and the residue of such proceeds, if any, shall become assets in the hands of the executor or administrator, to be administered according to law.'' Section 150 must be read in connection with subdivision IV of Section 182, which specifically refers to Section 150. In reading these two sections together it is apparent that the Legislature intended that a judgment lienholder should be entitled to payment of his lien (Section 150) in case of the sale of the property through the probate court, before any of the proceeds of the sale should become assets of the estate, in case the estate is solvent, but in case of the insolvency of the estate, the funeral expenses and the expenses of the last sickness of the deceased, etc. (classes 1 and 2), are given ''precedence of such judgments.'' [Section 182.] In other words the Legislature meant to see to it that the funeral and last sickness expenses, etc., are paid at all hazards even at the expense of judgment lienholders. The Legislature having created such liens had the power to take them away or make them subordinate.

As to the costs of administration of the estate, they take precedence, as to their payment, over all claims. [Section 225, R. S. 1929.]

Plaintiff also cites Section 189 in support of her contention. But this section must also be read in the light of Section 182. Section 189 does not disclose on its face its entire purpose. A clear and exhaustive analysis of this section and the purposes of its enactment appears in the case of Darr v. Thomas, 127 Mo. App. 1. There is nothing in Section 189 mitigating against our statement as to the law in reference to this matter. We have examined the authorities cited by plaintiff including Peters v. Holiday, 40 Mo. 544, and Bassett v. Elliott's Admr., 78 Mo. 525, 527, and find that they do not aid her.

Plaintiff in her points and authorities states:

''The defendants are estopped to question execution after the death of Ella Moody and Newton Moody, the judgment contemplating the equitable relief asked and the defendants being bound by and subject to the obligations of the deceased obligors and judgment debtors.''

This proposition is nowhere developed in the brief and will not be considered. [State v. Whitsett, 232 Mo. 511, 529, 530.]

Since the preparation of the foregoing opinion we have concluded that the sole and exclusive jurisdiction of the subject-matter of this cause is in the probate court. Therefore, the cause will be remanded with directions to the circuit court to dismiss it. All concur.